Rockingham
No. 99-245

GARY FOWLER

v.

TOWN OF SEABROOK

December 21, 2000

*Cook & Molan, P.A.*, of Concord (*Glenn R. Milner* on the brief, and *John S. Krupski* orally), for the plaintiff.

*Donahue, Tucker & Ciandella*, of Exeter (*Robert D. Ciandella* and *Robert M. Derosier* on the brief, and *Mr. Ciandella* orally), for the defendant.

DALIANIS, J. The defendant, the Town of Seabrook (town), appeals the decision by the Superior Court (*Galway*, J.) remanding the plaintiff's wage claim to the department of labor (DOL) and awarding the plaintiff attorney's fees. We affirm in part and reverse in part.

The parties do not dispute the following facts. The plaintiff, Gary Fowler, a town firefighter, was injured on the job. While he was on leave, the town paid him his accrued sick leave pay. The plaintiff applied for and eventually received workers' compensation benefits. When he returned to work, the town expected the plaintiff to turn over his workers' compensation proceeds. When he did not do so, the town deducted money from the plaintiff's weekly paycheck until it recovered the amount it had paid him while he was on leave.

The town asserts that it used the withheld money to "replenish" the plaintiff's sick leave account pursuant to the collective bargaining agreement between the town and the plaintiff's union. Specifically, the town relies upon the collective bargaining agreement's insurance provision, which provides, in pertinent part:

> When an employee is absent from duty, as a result of a personal injury or illness arising out of and in the course of his employment, the following shall apply:
>
> a. For the first two (2) months of Workmen's Compensation coverage, the injured employee may use his accumulated

annual and/or sick leave on a pro rata basis, in order that the injured employee receive his full net pay after deduction for retirement contributions.

b. After the first two (2) months coverage, in accordance with paragraph "a" above, the injured employee shall be paid his full, net pay, less the amount of Workmen's Compensation. Payment under the provisions of this paragraph shall not be charged to the employee's annual/accrued sick leave, and shall match the employee's net pay after deduction for retirement contributions.

The plaintiff filed a wage claim with the DOL, alleging that the town violated RSA 275:48 (1999) when it withheld money from his weekly paychecks. The town asked the DOL to abstain from hearing the matter because its resolution required interpreting the collective bargaining agreement. The DOL agreed and directed the plaintiff to pursue his claim through the collective bargaining agreement's grievance process, noting that the public employee labor relations board (PELRB) would have jurisdiction thereafter. At the plaintiff's request, the DOL held a hearing on the issue and again declined to exercise jurisdiction over the plaintiff's claim, deferring to the PELRB's primary jurisdiction over collective bargaining agreement disputes.

The plaintiff, through his union, filed an unfair labor practice complaint with the PELRB. The PELRB declined to exercise jurisdiction over the claim because it alleged a violation of RSA 275:48, and not a breach of the collective bargaining agreement. The PELRB found that the parties should complete the proceedings they had begun at the DOL.

The DOL then held a hearing upon the plaintiff's initial wage claim. The DOL found that RSA 275:48 was "not relevant" to the plaintiff's wage claim and held that his wage claim was invalid because he received all wages due him.

The plaintiff appealed the DOL's decision to the superior court. The superior court ruled that the DOL erred when it held that RSA 275:48 was irrelevant to the plaintiff's claim. It remanded the claim to the DOL to apply RSA 275:48. It also awarded the plaintiff his reasonable attorney's fees.

On appeal, the town argues first that the court erred by providing the plaintiff with a judicial remedy. The town contends that the plaintiff was required to exhaust his remedies under the collective bargaining agreement before proceeding to the DOL, the PELRB, and ultimately, to the court. According to the town, the court erred

because it "ignored the presumption of arbitrability contained in every [collective bargaining agreement]." We affirm the trial court's decision to remand the matter to the DOL.

█ The source of the plaintiff's right not to have money withheld from his paycheck is statutory. It derives from RSA 275:43, I (1999), which grants employees the right to wages for work performed and RSA 275:48, which prohibits an employer from withholding money from an employee's regular paycheck unless certain statutory exceptions apply. Where the plaintiff seeks to vindicate a statutory right, the presumption of arbitrability does not pertain. *See Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 78 (1998). Such a claim is not arbitrable unless there is a "clear and unmistakable" waiver of the employee's right to pursue his statutory claim. *Id.* at 80.

█ The town does not argue that the collective bargaining agreement contains any "clear and unmistakable" waiver. Rather, it relies upon the collective bargaining agreement's arbitration clause. A general arbitration clause does not meet the "clear and unmistakable" standard. *Id.* Moreover, any collective bargaining agreement provision that could somehow be construed as a waiver of the plaintiff's rights under RSA chapter 275 would be unenforceable under New Hampshire law. RSA 275:50 (1999) prohibits the waiver by private agreement of any provision of RSA chapter 275. Thus, the plaintiff was entitled to pursue his RSA chapter 275 claim.

The town contends that because the collective bargaining agreement's insurance provision permitted it to deduct from the plaintiff's regular wage to replenish his sick leave account, resolving the plaintiff's claim requires construing this provision. We disagree. RSA 275:48 gives the plaintiff a statutory right not to have money withheld, and RSA 275:50 prohibits waiver of RSA 275:48. Thus, even if the town's construction of this provision is correct, the provision is void as a matter of law. *See* RSA 275:50.

The town further contends that one must interpret the collective bargaining agreement's wage schedules, sick leave provisions and insurance provisions to determine how much money should have been in the plaintiff's weekly paycheck when he returned from leave.

We disagree. As previously discussed, nothing in the collective bargaining agreement could validly permit the town to deduct from the plaintiff's regular wage for work he performed *when he returned from leave.* Moreover, while the collective bargaining agreement may set forth the plaintiff's regular wage, the "simple

need to refer to bargained-for wage rates" does not extinguish his right to pursue his statutory claim. *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994).

■ The town next contends that the superior court's ruling infringed upon the PELRB's primary jurisdiction to determine the arbitrability of a claim. This argument fails because it assumes that the plaintiff's claim emanates from the collective bargaining agreement and not from RSA 275:48. The town's remaining arguments as to the PELRB's jurisdiction and/or an arbitrator's authority to decide this dispute lack merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

The town next asserts that the court misconstrued RSA 275:48. We disagree.

> This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning[,] we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. Furthermore, when examining statutory language, we construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result.

*Appeal of Estate of Van Lunen*, 145 N.H. 82, 86, 750 A.2d 737, 740 (2000) (quotation, brackets, and citation omitted).

The court ruled that, because the town diverted money from the plaintiff's weekly paycheck, RSA 275:48 applied. While the town quibbles with the use of the word "divert," it concedes that it deducted money from the plaintiff's regular weekly paycheck. Thus, we agree with the trial court that RSA 275:48, which governs such deductions, applies.

■ We reject the town's argument that RSA 275:48 should not apply here because its application results in a double payment to the plaintiff. The town argues that if it is not permitted to deduct the amount it paid the plaintiff while he was on leave, the plaintiff would then be paid twice for his leave: once through his accrued sick leave benefits and again by workers' compensation. Even if we assume this is true, there is no such equitable exception to RSA 275:48's requirements. The town is not permitted to engage in this sort of "self-help" to recover the money it believes the plaintiff owes it. We express no opinion as to whether other remedies exist that the town may pursue.

■ We also reject the town's argument that because sick leave benefits are "wages," and because it "replenished" the plaintiff's sick leave account with the withheld funds, there was no withholding. RSA 275:43, I, does not permit an employer to pay an employee less than his regular wage for work performed in a given week and make up the difference by enhancing a benefit, such as sick leave or vacation pay. *See* RSA 275:43, I (a)-(d).

The town next argues that the court erred when it awarded the plaintiff his attorney's fees. We agree and reverse this portion of the court's decision.

■ RSA chapter 275 permits a court to award reasonable attorney's fees to a plaintiff only as part of a judgment in the plaintiff's favor. *See* RSA 275:53, III (1999) ("The court . . . may, in addition to any judgment awarded to the plaintiff . . . allow costs of the action, and reasonable attorney's fees"); *Ives v. Manchester Subaru, Inc.*, 126 N.H. 796, 804, 498 A.2d 297, 303 (1985) (court must award fees when it finds a wage claim meritorious, unless it finds particular facts that would render such an award inequitable). Neither the DOL nor the trial court has yet found the plaintiff's wage claim meritorious. The DOL found the claim unmeritorious, and the trial court never reached the claim's merits. Under these circumstances, the trial court's fee award was, at best, premature.

*Affirmed in part; reversed in part.*

BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.