Board of Tax and Land Appeals
No. 99-746

## APPEAL OF BERNHARDINE MEUNIER

### (New Hampshire Board of Tax and Land Appeals)

Argued: January 3, 2002
Opinion Issued: April 12, 2002

*Hebert and Uchida, P.L.L.C.*, of Concord (*Donald F. Hebert* on the brief and orally), for the plaintiff.

*Mitchell & Bates, P.A.*, of Laconia (*Walter L. Mitchell* on the brief, and *Judith E. Whitelaw* orally), for defendant Town of Strafford.

*Daniel D. Crean*, of Concord, by brief and orally, for defendant Town of Barnstead.

NADEAU, J. The plaintiff, Bernhardine Meunier, appeals the dismissal of her petition for the abatement of real estate tax by the board of tax and land appeals (BTLA). We affirm.

The relevant facts follow. On July 9, 1996, the plaintiff filed with the BTLA a petition for the abatement of a real estate tax levied by the Town of Strafford. The plaintiff contends that her property is located in the Town of Barnstead and that she does not own property within Strafford. By order dated January 3, 1997, the BTLA granted Strafford's motion to dismiss, ruling that it did not have jurisdiction to determine municipal boundary lines. On February 6, 1997, the BTLA stayed its order of dismissal, allowing the plaintiff to petition the superior court for resolution of the boundary line dispute.

By order dated March 30, 1998, the Superior Court (*Perkins*, J.) dismissed the plaintiff's petition. The trial court held that under RSA 51:7 (Supp. 1998) it had jurisdiction to decide municipal boundaries only when the selectmen of those towns disagreed as to their joint boundary. RSA 51:7 states, in pertinent part:

> When the selectmen of adjoining towns shall disagree in renewing and establishing the lines and bounds of such towns, the superior court . . . shall, either examine said disputed lines or appoint a committee for that purpose, and the court's decision thereon shall be final . . . .

RSA 51:7, I. Because the selectmen of Strafford and Barnstead agreed on a joint boundary, the trial court ruled that it was without subject matter jurisdiction to decide the matter.

Subsequent to the superior court order, the legislature amended RSA 51:7 to provide:

> For a dispute as to the actual location of a town line arising in a matter on appeal before the board of tax and land appeals pursuant to RSA 76:16-a, the board of tax and land appeals shall have concurrent jurisdiction with the superior court and shall have the authority granted the superior court in paragraph I.

RSA 51:7, II (Supp. 2001). On August 12, 1999, the BTLA invited the plaintiff and defendants to submit statements regarding whether, in light of the dismissal of the superior court case and the amendment of RSA 51:7, it should lift the stay of its dismissal order or take some other action. On September 17, 1999, the BTLA lifted its stay order, finding that RSA 51:7, as amended, did not give it authority to decide municipal boundary disputes when there was no dispute between the adjoining towns' selectmen. The plaintiff filed for reconsideration and for leave to submit new evidence of legislative history. The BTLA denied both motions, holding that the plaintiff was unable to demonstrate that the proffered legislative history was unavailable to her when she filed her August 12, 1999 statement.

On appeal, the plaintiff argues that: (1) RSA 51:7, as amended, grants the BTLA jurisdiction to decide the present action; and (2) the BTLA erred when it denied the plaintiff's motion for leave to submit new evidence.

The plaintiff first argues that the plain meaning of RSA 51:7, as amended, grants the BTLA jurisdiction to determine boundary disputes, regardless of whether the disputants are selectmen of the adjoining towns or aggrieved taxpayers. In the alternative, the defendant contends that, should RSA 51:7 be deemed ambiguous, the statute's legislative history supports a more inclusive reading, allowing the present action.

On questions of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *See State v. Sullivan*, 144 N.H. 541, 543 (1999). When a statute's language is plain and unambiguous, we need not look beyond the statute for further indication of legislative intent. *See State v. Comeau*, 142 N.H. 84, 86 (1997). Because we decide the matter based upon the plain meaning of RSA 51:7, we will neither delve into the statute's legislative history, nor decide the plaintiff's evidentiary appeal.

RSA 76:16-a (Supp. 1996) provides in pertinent part, that if selectmen of a town neglect or refuse to abate a tax assessed by them, any aggrieved party may appeal that action to the BTLA. The plaintiff contends that RSA 51:7, II extends to the superior court the same authority granted to

the BTLA by RSA 76:16-a, thereby allowing the superior court to decide boundary disputes initiated by any aggrieved party. The plaintiff argues that the new language of RSA 51:7, II provides concurrent jurisdiction to both the BTLA and the superior court, thereby allowing the BTLA to decide boundary disputes initiated by any aggrieved party. We disagree.

The statutory language of RSA 51:7, I, was not changed with the amendment of RSA 51:7, II in 1998. Prior to the 1998 amendment, the meaning of RSA 51:7, I, was clear. The superior court was empowered to settle boundary disputes, provided that selectmen of adjoining towns disagreed upon those boundaries. As the language of RSA 51:7, I, remains unchanged, the effect of that statutory language remains the same.

Turning to the 1998 amendment, we conclude that the plain meaning of paragraph II does not support the plaintiff's innovative interpretation. One section of a statute should not be interpreted so as to contradict what has been clearly expressed elsewhere in the statute. *See Cohen v. Town of Henniker*, 134 N.H. 425, 428-29 (1991). Although RSA 51:7, II grants the BTLA and the superior court concurrent jurisdiction, paragraph I limits the superior court's jurisdiction to cases in which the selectmen of adjoining towns are embroiled in a boundary dispute. Therefore, the concurrent jurisdiction granted to the BTLA in paragraph II must be similarly limited. The plaintiff argues that by referring to RSA 76:16-a in RSA 51:7, II, coupled with the grant of concurrent jurisdiction, the legislature was attempting to expand the jurisdiction of the superior court to settle boundary disputes brought by any aggrieved party. A plain reading of RSA 51:7, II, however, indicates that the reference to RSA 76:16-a merely identifies the procedure by which an appeal is brought before the BTLA. RSA 51:7, II does not grant new jurisdiction to the superior court, but rather grants concurrent existing jurisdiction to the BTLA.

Prior to the amendment of RSA 51:7, an aggrieved taxpayer could appeal an abatement denial either to the BTLA, *see* RSA 76:16-a, or to the superior court, *see* RSA 76:17 (Supp. 2001). However, because the superior court alone had jurisdiction to decide boundary disputes where adjoining town selectmen were unable to settle their town's boundaries, an aggrieved taxpayer was effectively limited to either foregoing recourse to the BTLA or seeking resolution of the boundary dispute in a separate action before the superior court. The effect of the 1998 amendment is that an aggrieved taxpayer, embroiled in a dispute between two adjoining towns that have not settled their boundary dispute, may appeal to the

BTLA, which now has jurisdiction to settle boundary disputes in this limited context.

*Affirmed.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.