Merrimack
No. 2002-084

GREGORY MARCEAU d/b/a CONCORD HERITAGE LIFE AGENCY

v.

CONCORD HERITAGE LIFE INSURANCE COMPANY

Argued: January 15, 2003
Opinion Issued: March 4, 2003

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Robert J. Meagher* on the brief and orally), for the petitioner.

*Orr & Reno, P.A.*, of Concord (*Martha Van Oot* on the brief and orally), for the respondent.

DALIANIS, J. In this declaratory judgment action, the respondent, Concord Heritage Life Insurance Company, Inc., appeals an order of the Superior Court (*Fitzgerald*, J.) granting summary judgment in favor of the petitioner, Gregory Marceau, entitling him to have exclusive use of the trade name "Concord Heritage Life Agency." We reverse and remand.

The respondent is an insurance company incorporated in New Hampshire. The petitioner is a former employee of the respondent, who was terminated in June 1998. In an effort to change its name, the respondent filed an application with the New Hampshire Insurance Department (insurance department) pursuant to RSA 401:16 (1998) on August 13, 1998, to reserve the trade name "Concord Heritage Life Insurance Company." On August 19, 1998, the insurance department notified the respondent that it reserved the requested trade name from August 18, 1998, through November 16, 1998. The respondent did not reserve its name with the secretary of state.

On October 29, 1998, the respondent mailed amended articles of incorporation to the insurance department to change its trade name. On November 13, 1998, the insurance department filed the respondent's articles of incorporation with the secretary of state's office, which in turn issued a certificate of amendment acknowledging the name change. On November 4, 1998, however, the petitioner had registered the trade name "Concord Heritage Life Agency" with the secretary of state's office pursuant to RSA 349:1 (Supp. 2002). He described the purpose of his business as "employee benefits/life insurance marketing."

The petitioner filed a petition for declaratory judgment in October 2000, seeking a declaration that he had the right to use the trade name "Concord Heritage Life Agency." The parties thereafter filed cross-motions for summary judgment, stipulating that the disputed trade names were deceptively similar and that the sole issue for the trial court was to determine which party had the right to use its respective trade name under State law. In his motion, the petitioner argued that he had the exclusive right to use his trade name because he was the first to register his name with the secretary of state's office. The respondent countered that the petitioner's registration did not take priority because the respondent had already reserved its name with the insurance commissioner pursuant to RSA 401:16 and had the exclusive use of its name until November 16, 1998. On August 15, 2001, the trial court granted the petitioner's motion for partial summary judgment, stating, in part, that it "concurs with petitioner's interpretation of the statutory scheme for the regulation and registrations of trade names."

The respondent subsequently filed a motion to set aside the court's order or, alternatively, to allow it leave to file an interlocutory appeal. The

trial court denied the respondent's motion. Thereafter, the court approved the respondent's motion to enter a voluntary non-suit on its counterclaims, and this appeal followed.

The issue before us is a matter of statutory construction dealing with the interplay between the State's general corporation laws, *see* RSA ch. 293-A (1999 & Supp. 2002), and the laws regarding insurance companies, *see* RSA ch. 401 (1998). "On questions of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. When a statute's language is plain and unambiguous, we need not look beyond the statute for further indication of legislative intent." *Appeal of Meunier*, 147 N.H. 546, 548 (2002) (citation omitted). "[W]e interpret statutes in the context of the overall statutory scheme and not in isolation." *Appeal of Brady*, 145 N.H. 308, 310 (2000) (quotation omitted).

RSA chapter 293-A, the New Hampshire Business Corporation Act, comprises the general laws regulating corporate activity in the State, including the reservation and registration of certain corporate names. Specifically, RSA 293-A:4.02 (1999), in pertinent part, provides that:

> (a) The exclusive right to the use of a corporate name may be reserved by:
>
> . . .
>
> (2) Any domestic corporation intending to change its name;
>
> . . . .
>
> (b) The reservation shall be made by filing with the secretary of state an application to reserve a specified corporate name, executed by the applicant. If the secretary of state finds that the name is available for corporate use, he shall reserve the name for the exclusive use of the applicant for a period of 120 days.

RSA chapter 401 governs the incorporation and powers of insurance companies. RSA 401:10 provides that "[i]nsurance corporations organized under the laws of this state, whether by special charter or by the general law, shall be subject to ... those provisions of the laws relating to corporations in general that are not inconsistent with the provisions of Title XXXVII, the insurance code." RSA 401:16 provides, in pertinent part, that:

> I. The reservation of the name of an insurer, including trade names, shall be made by filing an application, executed by the applicant with the insurance commissioner to reserve a specified

name, and by paying a fee as set by RSA 400-A:29. If the commissioner finds that the name is available for use, he shall reserve the name for the exclusive use of the applicant for a period of 120 days.

The respondent argues that pursuant to this provision, it is only required to reserve its name with the insurance department, and that by doing so, the petitioner was prohibited from registering his trade name with the secretary of state's office prior to the expiration of the respondent's period of exclusive use. We agree.

RSA 401:16 states clearly that the applicant intending to reserve an insurance company name shall have "exclusive use" of the name if it is available. Given the absence of any language limiting the scope of the applicant's exclusive use of the proposed name, we construe this provision broadly as requiring the insurance commissioner to determine whether the name is available as among both insurance and non-insurance companies. To construe this statute otherwise would render the phrase "exclusive use" virtually meaningless.

Likewise, we interpret RSA 293-A:4.02 as requiring the secretary of state, when determining the availability of a corporate name, to check if a deceptively similar name is reserved by an insurance company under RSA 401:16. This interpretation is logical since insurance companies are organized pursuant to, and subject to the regulations of, RSA chapter 293-A. In reading these competing statutes, therefore, it is reasonable to interpret RSA 401:16 as providing for a separate, but not additional, reservation requirement for insurance companies.

Moreover, we disagree with the petitioner that the respondent should be required to reserve its name with both the insurance commissioner and the secretary of state in order to protect its right to that name. To construe the statutory scheme as requiring insurance companies to file multiple reservations could create a trap for the unwary. Because the granting of exclusive use is conditioned upon the finding by the insurance commissioner or secretary of state that the name is available, an insurance company could receive two different periods of exclusive use depending upon when the particular agency approved the reservation. Such an outcome could be problematic where an insurance company's period of exclusive use lapses under RSA 293-A:4.02, but continues to run under RSA 401:16, since the insurance company's name would no longer be protected from non-insurance company registrations.

We conclude that the provisions of RSA 293-A:4.02 which require an applicant to file with the secretary of state to reserve a name for its

exclusive use are inconsistent with the provisions of RSA 401:16 which require an applicant to file with the insurance commissioner. Therefore, we conclude that said provisions of RSA 293-A:4.02 do not apply here. *See* RSA 401:10. In light of the overall statutory scheme, an insurance company need only file with the insurance department pursuant to RSA 401:16 in order to reserve the exclusive use of a name.

As the respondent correctly points out, however, there is a gap in the statutory scheme. Allowing an insurance company to reserve a name under RSA 401:16 alone is inconsistent with RSA 349:1, III, which provides:

> The secretary of state shall decline to register any trade name similar or likely to be confused with or mistaken for any trade name or for any registration as described in paragraph I or II of this section *or any name reserved under RSA 293-A, 304-A, 304-B:2, or 304-C:4* unless the holder or holders of the name gives written consent to use the same or deceptively similar name.

(Emphasis added.) The omission of RSA chapter 401 from the emphasized language above creates an ambiguity within the statutory scheme. When statutory language is ambiguous, we examine the statute's overall objective and presume that the legislature would not pass an act that would lead to an absurd or illogical result. *See Appeal of Ashland Elec. Dept.*, 141 N.H. 336, 340 (1996).

Interpreted literally, RSA chapter 349 provides protection for a corporate name reserved with the secretary of state, *see* RSA 293-A:4.02; RSA 304-A:46 (Supp. 2002), but not with the insurance commissioner. Thus, there is nothing in RSA chapter 349 to prevent a non-insurance company such as the petitioner from registering a name that is similar to or likely to be confused with that of an insurance company. On the other hand, as explained above, RSA 293-A:4.02 would prevent a non-insurance company such as the petitioner from reserving a deceptively similar name for its exclusive use, since the secretary of state must consult with the insurance commissioner to determine whether the name is available for use. Furthermore, to allow a non-insurance company to register a name that has been reserved for the exclusive use of an insurance company would be absurd. While we generally will not add words to a statute that the legislature did not include, a literal reading of RSA 349:1, III leads to illogical results, and would force us to conclude that the "exclusive" use promised by RSA 401:16 is illusory. Such a result is so clearly contrary to legislative intent that we must reject it. Accordingly, we conclude that the

secretary of state cannot register a name that is similar to or likely to be confused with a name reserved under RSA 401:16.

Here, the respondent reserved its trade name with the insurance commissioner on August 13, 1998, and was granted exclusive use in the name from August 18, 1998, through November 16, 1998. The petitioner registered his trade name with the secretary of state on November 4, 1998. Because the petitioner's attempt at registration occurred during the respondent's period of exclusive use, we hold that the secretary of state's allowance of the petitioner's name registration was void. Thus, the respondent has the right to use the trade name "Concord Heritage Life Insurance Company."

In light of the inconsistencies in the plain language of the statutes discussed above, we invite the legislature to clarify RSA 349:1, III by providing explicit protection for names reserved under RSA 401:16. Of course, if the legislature disagrees with our construction of its statutory scheme, it is free to amend the statutes as it sees fit.

Given the disposition of this case, we need not consider the respondent's argument that the trial court erred by failing to consider evidence addressing administrative practices by the secretary of state when registering trade names.

*Reversed and remanded.*

NADEAU and DUGGAN, JJ., concurred.