Hillsborough-northern judicial district
No. 2006-911

## JAMES M. STANKIEWICZ

v.

## CITY OF MANCHESTER

Argued: November 8, 2007
Opinion Issued: December 20, 2007

*McDowell & Osburn, P.A.*, of Manchester (*Mark D. Morrissette* and *Matthew G. Mavrogeorge* on the brief, and *Mr. Morrissette* orally), for the plaintiff.

*City Solicitor's Office*, of Manchester (*Daniel D. Muller, Jr.* on the brief, and *Thomas I. Arnold, III* orally), for the defendant.

GALWAY, J. The plaintiff, James M. Stankiewicz, appeals the rulings of the Superior Court (*Abramson*, J.) denying his motion for summary judgment and granting the cross-motion for summary judgment of the defendant, the City of Manchester (City). The City cross-appeals the denial of its motion to dismiss for lack of jurisdiction. We affirm in part and reverse in part.

The record supports the following facts. The plaintiff was hired by the Manchester Police Department in 1986. In 2000, he suffered a work-related injury. In 2004, he underwent surgery, resulting in his being absent from work from May 7, 2004, until October 17, 2004. Prior to his absence, the plaintiff filed a workers' compensation claim with the City alleging that his 2004 surgery was necessitated by his injury in 2000. The City denied his request for workers' compensation benefits, but permitted him to use his accumulated sick leave credit for the time he was absent.

After his claim for workers' compensation was denied by the City, the plaintiff sought a hearing with the New Hampshire Department of Labor. On February 2, 2005, following hearings with the department of labor and the New Hampshire Compensation Appeals Board, the plaintiff was awarded workers' compensation benefits. The City paid the award, but asked the plaintiff to repay the sick leave money he received during his absence because he had now received workers' compensation benefits for that time. The City informed the plaintiff that once he repaid the sick leave money, his sick leave credit would be restored. The plaintiff refused to repay the money, and his sick leave credit was not restored.

In September 2005, the plaintiff filed a declaratory judgment action seeking restoration of his sick leave credit pursuant to section 33.064(B)(2) of the Manchester Code of Ordinances (MCO), which states: "Pending determination of compensation eligibility, the employee may receive sick leave benefits. On a determination of eligibility for compensation benefits, sick leave credit shall be restored." According to the plaintiff, the MCO entitled him to have his sick leave credit restored without having to repay the City. The City counterclaimed for repayment of the sick leave money, and moved to dismiss on the ground that the plaintiff's claim arose under the collective bargaining agreement (CBA) between the City and the

police supervisors union and was, therefore, governed by the CBA's grievance procedures and arbitration requirement. *See* AGREEMENT BETWEEN THE CITY OF MANCHESTER, N.H. AND THE MANCHESTER ASSOCIATION OF POLICE SUPERVISORS, Art. 7 (July 1, 2004—June 30, 2007). We note that although the plaintiff's claim spans the effective dates of two collective bargaining agreements between the City and its police officers, the provisions relevant to this appeal are identical, and we therefore cite only to the 2004 through 2007 agreement.

The parties filed cross motions for summary judgment. The superior court, after a hearing, denied the City's motion to dismiss, ruling that it had jurisdiction because the plaintiff's claim was based upon the MCO, not the CBA. In a later order, the trial court granted the City's motion for summary judgment and denied the plaintiff's motion, ruling that the plaintiff's sick leave credit would be restored upon repayment of his sick leave money. The plaintiff appeals the trial court's rulings on the cross motions for summary judgment, while the City cross-appeals the denial of its motion to dismiss.

*I. Motion to Dismiss*

The City contends that this dispute is governed by the CBA. Therefore, the plaintiff is required to abide by its grievance procedures, including the requirement that his claim be submitted to binding arbitration. Thus, jurisdiction over this matter lies with an arbitrator and not the court.

The trial court determined that the MCO, and not the CBA, governed this matter because: (1) contrary to the City's argument, section 33.023 of the MCO did not exempt the plaintiff's claim from the coverage of the MCO; and (2) the plaintiff's claim could not be governed by the CBA because it does not address the relief sought by the plaintiff. As to the first issue, the interpretation of an ordinance is a question of law, which we review *de novo. Blagbrough Family Realty Trust v. A & T Forest Prods.*, 155 N.H. 29, 41 (2007). Because the traditional rules of statutory construction generally govern our review, we construe the words and phrases of an ordinance according to the common and approved usage of the language. *Id.* When the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent, and we will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include. *Id.*

Section 33.023 of the MCO states:

> None of the provisions of §§ 33.020 through 33.082 of this chapter shall amend or modify any existing legal and binding contract

between the city and employees' groups unless or until such contracts are renegotiated to conform with the provisions of §§ 33.020 through 33.082 of this chapter.

CITY OF MANCHESTER, NEW HAMPSHIRE, CODE OF ORDINANCES, ch. 33, sec. 33.023. According to the City, this section prevents certain provisions of the MCO, including section 33.064, from applying to the plaintiff, unless the contract covering him was renegotiated to conform with those provisions. The City contends that because the CBA covering the plaintiff was not renegotiated to conform with those provisions, and because the plaintiff's rights are defined by the CBA, the plaintiff may not avail himself of the benefits of the MCO. We do not agree.

Municipalities have general authority to adopt ordinances for their governance. *See* RSA 47:17 (2003 & Supp. 2007); RSA 49-B:8 (2003). Pursuant to that authority, the City has adopted ordinances pertaining to various aspects of the employment relationship with its employees. *See generally* CITY OF MANCHESTER, NEW HAMPSHIRE, CODE OF ORDINANCES, ch. 33. The City's ordinances are valid local laws, *see State v. Hayes*, 61 N.H. 264, 330 (1881), which no party challenges in this appeal.

"[T]he laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms." *Trustees & c. Academy v. Exeter*, 90 N.H. 472, 484 (1940) (quotation omitted). Thus, when the City and any employees' groups enter into contracts, those contracts must comply with the terms of the MCO, as it is the law subsisting at the time and place of the contract's formation and performance. Because the MCO is a set of local laws existing at the time the CBA here was formed, its provisions, including section 33.064, become part of the agreement of the parties and are applicable to the plaintiff.

The City, despite its general authority to adopt ordinances for its governance, may not, however, simply alter or abandon valid contracts with its employees' groups by adopting new ordinances. *See, e.g.*, RSA 273-A:5, I(i) (1999) (declaring it an unfair labor practice for a public employer to make any law or regulation that would invalidate any portion of an agreement entered into by that employer). Therefore, section 33.023 of the MCO states that sections 33.020 through 33.082 of the MCO, do not amend or modify "*any existing* legal and binding contract[s] . . . unless or until *such contracts* are renegotiated." CITY OF MANCHESTER, NEW HAMPSHIRE, CODE OF ORDINANCES, ch. 33, sec. 33.023 (emphasis added). Because section 33.023 is stated in the present tense, it refers to those contracts existing at the time the provision was enacted and exempts such

contracts from complying with the MCO until they are renegotiated. As section 33.023 exempts only those contracts existing at the time it was adopted, contracts formed thereafter are subject to the MCO. Because the CBA at issue was formed after the enactment of section 33.023, it is subject to the MCO. We conclude, as did the trial court, that section 33.023 of the MCO did not exempt the plaintiff's claim from the coverage of the MCO.

The City next contends that even if section 33.023 does not exempt the plaintiff's claim from the MCO, his claim is addressed by the terms of the CBA and resort to the MCO is unnecessary. The trial court found that because the plaintiff's claim for restoration of his sick leave credit is not addressed by the CBA, "[t]he grievance procedure of the CBAs is not the appropriate avenue for [the plaintiff] to pursue his claim." The City argues that this was error because: (1) the trial court decided the arbitrability of the plaintiff's claim, a matter within the jurisdiction of the arbitrator; (2) the plaintiff cannot be presumed to be entitled to the benefits of the MCO, even if the CBA is silent; and (3) the impossibility of compliance with the CBA does not justify the court's exercise of jurisdiction.

As to the first argument, while the determination of arbitrability is generally within the jurisdiction of the arbitrator or the New Hampshire Public Employee Labor Relations Board (PELRB), *Appeal of Police Comm'n of City of Rochester*, 149 N.H. 528, 533-34 (2003), that rule applies when the relevant claim arises under the CBA. Here, the plaintiff's claim to the restoration of his sick leave credit arises out of a right conferred by the MCO. Thus, the plaintiff is seeking to vindicate a right that does not emanate from the CBA. *See Fowler v. Town of Seabrook*, 145 N.H. 536, 540 (2000) (town's argument that superior court infringed upon the jurisdiction of the PELRB failed because it assumed the plaintiff's claim emanated from the collective bargaining agreement instead of statute). Thus, the trial court did not err by determining the arbitrability of the plaintiff's claim because his claim was based only upon the MCO.

Indeed, the plaintiff's claim could not have been brought under the CBA. The CBA states how and at what rate sick leave credit may be accumulated, and in what circumstances it may be used. *See* AGREEMENT BETWEEN THE CITY OF MANCHESTER, N.H. AND THE MANCHESTER ASSOCIATION OF POLICE SUPERVISORS, art. 16, secs. 16.1-16.4 (July 1, 2004—June 30, 2007). The CBA, however, says nothing at all about workers' compensation benefits, or how the receipt of those benefits would affect the use of, or credit for, sick leave credit.

The CBA itself limits an arbitrator's jurisdiction to its *express provisions, see id.*, art. 7, sec. 7.6, and the plaintiff need follow the requirements of the CBA regarding only those claims that arise out of the

application or interpretation of the *express provisions* of the CBA, *see id.*, art. 7, sec. 7.1(A). Because the CBA is silent on the issue of workers' compensation and its relation to sick leave, the plaintiff's claim could neither be the subject of a grievance under the CBA, nor fall within the jurisdiction of an arbitrator.

Also, for the above reasons we reject the City's argument that the plaintiff cannot be presumed to be entitled to the benefits of the MCO, even if the CBA is silent. The CBA is silent on this issue, and the plaintiff may avail himself of the MCO, which specifically addresses his claim.

■ The City next argues that the impossibility of complying with the CBA's grievance procedures, *i.e.*, by not stating a violation of an express provision of the CBA, does not justify the trial court's exercise of jurisdiction. However, as noted, the plaintiff's claim is based upon the MCO, over which the trial court may exercise jurisdiction, and not upon the CBA. Therefore, it is irrelevant whether it is possible for the plaintiff to comply with the CBA's grievance procedures. Those procedures simply do not apply to the plaintiff's claim. Accordingly, for the above reasons, we conclude that the trial court did not err in denying the City's motion to dismiss.

*II. Motions for Summary Judgment*

Having determined that the trial court could exercise jurisdiction over the plaintiff's claim, we turn to its rulings on the parties' cross-motions for summary judgment. The plaintiff argues that the trial court erred in requiring him to repay the City because his claim was based upon section 33.064(B)(2) of the MCO, which does not contain a repayment obligation. The City contends that the trial court properly denied the plaintiff's summary judgment motion and granted its motion on its counterclaim for repayment.

As noted previously, the interpretation of an ordinance is a question of law, which we review *de novo*. *Blagbrough Family Realty Trust*, 155 N.H. at 41. Because the traditional rules of statutory construction generally govern our review, we construe the words and phrases of an ordinance according to the common and approved usage of the language. *Id.* When the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent, and we will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include. *Id.*

■ As we have previously determined that the ordinance governs the plaintiff's claim, we turn to the language of the ordinance. Section 33.064(B)(2) states, "Pending determination of compensation eligibility,

the employee may receive sick leave benefits. On a determination of eligibility for compensation benefits, sick leave credit shall be restored." CITY OF MANCHESTER, NEW HAMPSHIRE, CODE OF ORDINANCES, ch. 33, sec. 33.064(B)(2). The ordinance's plain language provides that while an employee's eligibility for workers' compensation benefits is undetermined, the employee may use accumulated sick leave credit and that once the employee's eligibility is determined, the sick leave credit *shall* be restored. *See In the Matter of Bazemore & Jack*, 153 N.H. 351, 354 (2006) (generally use of "shall" makes enforcement of the provision mandatory). These words require the City to reinstate the employee's sick leave credit, but nowhere in the ordinance does it require the employee to reimburse the City. In fact, the ordinance speaks *only* to the restoration of "sick leave credit." Therefore, we conclude that the plain language of the ordinance requires the City to restore the plaintiff's sick leave credit, but does not require the plaintiff to repay the City.

The City argues that section 33.064(B)(2) must be read in conjunction with the preceding section and that such a reading leads to the conclusion that the plaintiff must repay the sick leave money. The preceding section reads, in relevant part:

> Any employee of the city who sustains an injury which is compensable under the Workers Compensation Law and who is entitled to receive compensation benefits either by agreement of [*sic*] award shall, in addition to workers compensation benefits, receive supplemental pay benefits from the city so that combined worker compensation and supplemental pay benefits shall equal 80% of regular gross salary if the employee is covered under Social Security, and 87% if the employee is not covered under Social Security.

CITY OF MANCHESTER, NEW HAMPSHIRE, CODE OF ORDINANCES, ch. 33, sec. 33.064(B)(1). The City contends that allowing the plaintiff to keep the sick leave credit will permit him to receive benefits in excess of the eighty-seven percent prescribed by the ordinance. The plain language of this section, however, says nothing about an employee's use of, or repayment for, sick leave credit in relation to workers' compensation. It states only that if an employee sustains a compensable injury, he or she is entitled to receive supplemental pay in addition to the compensation award. The only express terms regarding sick leave credit are found in section 33.064(B)(2), and those terms impose no responsibility upon the plaintiff to repay the City for the sick leave credit he had used. Should the City disagree with our plain language construction of the ordinances, it is free to amend them

as it sees fit. *See Marceau v. Concord Heritage Life Ins. Co.*, 149 N.H. 216, 221 (2003).

Finally, the City contends that allowing the plaintiff to have his sick leave credit restored without requiring him to repay the City will result in a windfall. The trial court agreed with the City's assessment, ruling that:

> interpreting the Ordinance in the manner urged by [the plaintiff] would lead to an illogical result, as he would, as the City asserts, essentially be collecting workers' compensation benefits, supplemental benefits, and sick leave benefits for the same time period, in addition to maintaining his sick leave credits. Nothing in the Ordinance indicates that such a windfall was contemplated.

The superior court, therefore, determined that despite the language of section 33.064(B)(2), the plaintiff should repay the City.

Preliminarily, we note that the issue of whether the plaintiff is entitled to collect "supplemental benefits" under section 33.064(B)(1) in addition to his sick leave is not before us, and we express no opinion on that matter. Nevertheless, to rule as the trial court did is to add words to the ordinance that its drafters did not see fit to include. The trial court's construction adds language creating a repayment obligation as a condition to be fulfilled prior to the restoration of sick leave credit, when the only condition stated in the ordinance is that eligibility for workers' compensation benefits be determined. This it may not do. *Blagbrough Family Realty Trust*, 155 N.H. at 41. The wording of the ordinance is clear on its face, and it is not for the courts to look beyond its clear language, nor to guess at the possible intent of the body enacting it. *Id.* Finally, while the plaintiff may be seen as recouping a windfall to some degree, such a recovery arises only when the City wrongfully denies workers' compensation benefits. Construing the ordinance to permit such recovery is consistent with the general rule that remedial statutes are liberally construed in favor of the injured person. *Appeal of Cote*, 146 N.H. 705, 711 (2001).

Accordingly, we conclude that the plain language of the applicable ordinance entitled the plaintiff to the restoration of his sick leave credit without having to repay the City.

*Affirmed in part; reversed in part.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.