Concord District Court
No. 95-151

LARRY D. THOMAS

v.

EDGAR AND BEVERLY CRETE

April 8, 1997

*Larry D. Thomas,* by brief and orally, *pro se.*

*Upton, Sanders & Smith,* of Concord (*James F. Raymond* and *David P. Slawsky* on the brief, and *Mr. Slawsky* orally), for the defendants.

## MEMORANDUM OPINION

PER CURIAM. The plaintiff, Larry D. Thomas, appeals a decision of the Concord District Court (*DeVries,* J.) awarding damages to both the plaintiff and the defendants, Edgar and Beverly Crete. Because we conclude that the district court award to the defendants exceeded its small claims jurisdiction, we affirm in part, vacate in part, and remand.

The plaintiff was a former tenant of the defendants. In September 1994, the plaintiff filed a small claims action against the defendants in the Concord District Court seeking damages pursuant to RSA chapter 540-A (Supp. 1995) and RSA chapter 358-A (1995) for failure to properly maintain his security deposit. In October 1994, the defendants filed a counterclaim in the small claims action for back rent, damages to the premises, and attorney's fees. Following an evidentiary hearing, the district court awarded judgment for the

plaintiff in the amount of $962.65. The district court also awarded judgment on the counterclaim for the defendants in the amount of $3,342.43.

The plaintiff appealed, and this case was argued before a judicial referee panel. *See* SUP. CT. R. 12-C. This court approved the panel's recommendation that the district court order be affirmed. The plaintiff moved for rehearing and reconsideration, *see* SUP. CT. R. 12-C, 22, which this court granted in part, limiting reconsideration solely to the issue of whether the district court erred in awarding the defendants an amount in excess of $2,500 on their counterclaim in this small claims action. We hold that it did.

RSA chapter 503 establishes a simple, speedy, and informal procedure within the district courts for the determination of small claims. RSA 503:2 (1983). The small claims procedure is alternative and not exclusive. *Id.* "A small claim is any right of action not involving the title to real estate in which the debt or damages, exclusive of interest and costs, does not exceed $2,500." RSA 503:1, I (Supp. 1996).

■ Although a district court has jurisdiction to hear claims that exceed $2,500, *see* RSA 502-A:14, II (Supp. 1996), its authority to adjudicate claims pursuant to the informal procedure established by RSA chapter 503 is limited to small claims. If a litigant files a claim in a small claims action that seeks more than $2,500, exclusive of interest and costs, the litigant must either waive the right to claim the amount over $2,500, or proceed by regular civil writ. DIST. & MUN. CT. R. 4.2.

■ At issue is the defendants' counterclaim. "A counterclaim is a counter-demand or a cause of action that exists in favor of the defendant against the plaintiff and on which the defendant might have brought a separate action and recovered judgment." 20 AM. JUR. 2D *Counterclaim, Recoupment, and Setoff* § 1 (1995) (footnote omitted); *cf. Phinney v. Levine*, 117 N.H. 968, 970-71, 381 A.2d 735, 736-37 (1977) (defendant may file counterclaim only if defendant could have maintained separate action when plaintiff initiated plaintiff's action). For purposes of District & Municipal Court Rule 4.2, we treat a counterclaim as the equivalent of a separate claim by the defendants, subject to the $2,500 limit. Accordingly, we conclude that a judgment resulting from a small claims action is limited to the sum of $2,500, exclusive of interest and costs. *See* DIST. & MUN. CT. R. 4.2; *cf. Malcolm v. Larson*, 148 P.2d 291, 293 (Kan. 1944) (general rule is that counterclaim must be within court's jurisdiction as to subject matter, amount, and territorial limitations); 20 AM. JUR. 2D

*Courts* § 120 (1995) (court lacks jurisdiction to adjudicate counterclaim in excess of jurisdictional amount).

The defendants argue that the plaintiff's judgment for $962.65, when offset against their counterclaim judgment of $3,342.43, results in a final judgment for defendants of $2,379.78, which does not exceed the $2,500 limit for small claims. As stated above, we treat the defendants' counterclaim as a separate claim subject to the $2,500 limit. Since the district court lacked authority in a small claims case to award more than $2,500, there could not be a judgment for defendants of $3,342 against which to offset the plaintiff's judgment of $962.

As the defendants note in their brief, their counterclaim sought $1,800 in back rent plus an unspecified amount for property damage and attorney's fees. On its face, therefore, the counterclaim did not exceed the $2,500 limit. Under these circumstances, the defendants having voluntarily chosen to file a counterclaim in the plaintiff's small claims action rather than file a separate civil writ, we conclude that the defendants thereby waived the right to claim the amount over $2,500, exclusive of interest and costs. *Cf.* DIST. & MUN. CT. R. 4.2. Accordingly, we vacate the district court's award of $3,342.43 to the defendants, and remand for entry of judgment consistent with this opinion. In all other respects, the decision of the district court is affirmed.

*Affirmed in part; vacated in part;*
*remanded.*

All concurred.