Concord District Court
No. 99-468

### MARK JOHNSON

v.

### WAYNE WHEELER & a.

July 6, 2001

*New Hampshire Legal Assistance*, of Manchester (*Karen L. Rosenberg* on the brief and orally), and *Legal Advice & Referral Center*, of Concord (*Thomas Fredenburg* on the brief), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*David P. Slawsky* on the brief and orally), for the defendants.

NADEAU, J. The Concord District Court (*Rappa*, J.) awarded $12,000 to the plaintiff, Mark Johnson, for violations of RSA chapter 540-A (1997). The defendants, Wayne Wheeler and Donald Jones, do not dispute that they violated the specific provisions of the landlord-tenant act; rather, they argue the district court erred in its damage award. We affirm.

The following facts are uncontested on appeal. The defendants are both "landlords," in that they own and/or manage The Whitfield House on Pleasant Street in Concord. *See* RSA 540-A:1, I. The

Whitfield House is a rooming house where the plaintiff had lived for two and one-half years prior to March 1999. At the end of February 1999, the plaintiff notified defendant Wheeler that he would be away from the rooming house for ten days beginning on March 2, 1999, and would be in jail for five days. During this conversation, the plaintiff paid the rent in advance for the time he would be gone. On March 5, 1999, the plaintiff was informed that Wheeler had removed his property from his room and locked him out of the premises. The defendants never sought to evict the plaintiff through judicial proceedings. On March 12, 1999, the plaintiff returned to The Whitfield House and sought access to his room. He was given access to his belongings, but was denied entrance to his room until March 17, 1999.

The plaintiff consulted counsel and on March 16, 1999, filed a petition in district court pursuant to RSA chapter 540-A. On March 17, 1999, the district court held a hearing and found Wheeler in violation of RSA 540-A:3, II, III and IV. Defendant Jones was added as a party after the hearing. The district court granted the plaintiff various relief, including a damage award of $12,000: $1,000 for each of the twelve days of violation from March 5 through March 17 pursuant to RSA 540-A:4, IX.

RSA 540-A:3 provides, in part:

> II. No landlord shall willfully seize, hold, or otherwise directly or indirectly deny a tenant access to and possession of such tenant's rented or leased premises, other than through proper judicial process.

> III. No landlord shall willfully seize, hold, or otherwise directly or indirectly deny a tenant access to and possession of such tenant's property, other than by proper judicial process.

> IV. No landlord shall willfully enter into the premises of the tenant without prior consent, other than to make emergency repairs.

RSA 540-A:3 (Supp. 2000).

A landlord who violates RSA 540-A:3 is subject to the civil remedies described in the Consumer Protection Act, including an award of actual damages or $1,000, whichever is greater. See RSA 540-A:4, IX; RSA 358-A:10, I (1995). For purposes of awarding damages, "[e]ach day that a violation continues shall constitute a separate violation." RSA 540-A:4, IX.

On appeal, the defendants argue that the district court erroneously applied RSA 540-A:4, IX. They argue that they should not be sanctioned for a continuing violation while the plaintiff was away because the plaintiff had not actually been denied access to his room or his belongings during this period. The defendants contend that the most the plaintiff is entitled to is $5,000 for five days of violations beginning on March 12 when he first sought access to his room.

To resolve this issue, we must determine whether a violation of RSA 540-A:3, II or III, which provide that a landlord may not "deny . . . access" to a tenant's property or leased premises, occurs when the tenant has not yet sought access to the property or premises. The defendants construe this language to mean that a violation can occur only after a tenant seeks access to his or her property or premises. Consideration of the statute as a whole, however, leads us to reject the defendants' construction.

> This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. Furthermore, when examining statutory language, we construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result.

*Fowler v. Town of Seabrook*, 145 N.H. 536, 540 (2000) (quotation and brackets omitted).

■ RSA chapter 540-A focuses on the prohibited conduct of landlords and tenants. The chapter is entitled "Prohibited Practices and Security Deposits," and one of its stated purposes is to prevent landlords from "attempt[ing] to circumvent lawful procedures for eviction pursuant to RSA 540." RSA 540-A:2. The section at issue, RSA 540-A:3, is entitled "Certain Specific Acts Prohibited." The statute's focus on prohibited conduct suggests that, in circumstances such as those present here, the legislature intended for the statute to deter unacceptable landlord conduct rather than to remedy harm to tenants.

Moreover, the "deny . . . access" clauses in their entirety provide that "[n]o landlord shall willfully *seize, hold,* or *otherwise* directly or indirectly *deny* a tenant *access*" to his or her property or

premises. RSA 540-A:3, II and III (emphasis added). Construed as a whole, the statute seeks to prohibit the landlord's *interference* with the tenant's property or premises, not the landlord's *denial* of the tenant's request for access. In light of this, we conclude that a violation of RSA 540-A:3, II or III may occur regardless of whether the tenant has sought access to his or her property or premises.

The defendant claims that such a construction is unfair because a landlord acting in good faith may be penalized by a tenant who waits to seek access to his or her property or premises. We disagree that such a construction is unjust. Although the defendants claim to have acted in good faith on March 5, their conduct — seizing the plaintiff's property and premises without judicial process — was in clear violation of RSA 540-A:3. As landlords, the defendants are charged with knowledge of the statute. To avoid the penalty provided for by RSA 540-A:4, IX, the defendants needed only to petition the court prior to evicting the plaintiff. Such a requirement is not overly burdensome when weighed against the intrusiveness and the inconvenience to a tenant of having his or her belongings and residence disrupted.

The defendants further argue that damages for a continuing violation should only be awarded for violations that continue after a court has found a statutory violation. Because this argument was not raised below, we decline to consider it. *See State v. VanDerHeyden*, 136 N.H. 277, 282 (1992).

Accordingly, we conclude that a landlord violates RSA 540-A:3, II and III when the landlord engages in prohibited conduct regardless of whether the tenant has sought access to his or her premises or property.

The plaintiff requests reasonable attorney's fees for this appeal pursuant to RSA 540-A:4, IX. The defendants conceded such entitlement during oral argument. Therefore, we grant the plaintiff's request. We order the plaintiff to file within thirty (30) days an affidavit detailing the costs and attorney's fees sought. The defendants shall have thirty (30) days thereafter to respond.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.