Laconia District Court
No. 2004-700

JOHN SIMPSON

v.

DANIEL YOUNG

Argued: November 10, 2005
Opinion Issued: May 16, 2006

*Law Offices of Brian T. Stern, P.A.*, of Dover (*Brian T. Stern* on the brief and orally), for the plaintiff.

*Mayer Law Offices*, of Nashua (*Fred K. Mayer III* on the brief and orally), for the defendant.

*Kelly A. Ayotte*, attorney general (*David A. Rienzo*, assistant attorney general, on the brief), for the State, as *amicus curiae*.

DALIANIS, J. The Laconia District Court (*Huot*, J.) found the defendant, Daniel Young, in violation of RSA 540-A:3, I-III (Supp. 2005), and awarded damages in the amount of $1,000 to the plaintiff, John Simpson. The plaintiff appealed the trial court's denial of certain damages and its failure to find the defendant in contempt. We issued an opinion on December 29, 2005, affirming in part, reversing in part, and remanding. Both parties filed motions for reconsideration. We denied the plaintiff's motion, denied the defendant's motion in part, and ordered supplemental briefing, because the defendant, upon reconsideration, for the first time raised a jurisdictional issue. We withdrew our original opinion. We affirm in part, reverse in part, and remand.

## I. Background

The record supports the following facts. In 2004, the plaintiff and his wife rented a three-bedroom house in Barnstead from the defendant. The record does not indicate whether the parties had a written lease. On April 18, 2004, the plaintiff moved out of the house after his wife obtained a restraining order against him. The plaintiff's wife continued to reside in the house until June 21, 2004, when the restraining order was lifted, giving the plaintiff the right to return to the house. On June 30, 2004, the plaintiff filed a petition under RSA 540-A:4 (Supp. 2005) alleging that on June 25, 2004, the defendant willfully, and without the permission of the court: (1) caused the plaintiff's gas to be shut off; (2) locked him out of the house; (3) seized his personal belongings; and (4) entered the house without his permission. That day, the trial court issued *ex parte* temporary orders and scheduled a hearing on the matter. On July 9, 2004, the sheriff's department served the defendant at his abode. On July 15, 2004, the plaintiff moved for contempt alleging that the defendant had violated the temporary orders. In response, the trial court ordered that the temporary orders be served in hand on the defendant.

On July 29, 2004, the trial court held a hearing on the underlying petition and the motion for contempt. The trial court denied the plaintiff's motion for contempt. It found, however, that the defendant violated RSA 540-A:3, I-III, and issued a "Final Order" pursuant to RSA 540-A:4 requiring the defendant: (1) to restore and maintain all utility services provided as part of the rental agreement; (2) not to interfere with the plaintiff's access to or use or quiet enjoyment of the premises or his

personal property; (3) not to enter the premises without permission from the plaintiff; and (4) to pay damages to the plaintiff in the amount of $1,000. In addition, the trial court ordered that non-compliance with the final order "shall subject Defendant to damages of $3,000 per day as defendant now knows he has been in violation of RSA 540-A:3." Following the hearing, the defendant immediately restored the plaintiff's access to the house, and the plaintiff, in turn, gave the defendant permission to enter the house for twenty-four hours to retrieve his belongings, which the defendant was storing in the house.

The plaintiff returned to the house on July 30, 2004, to find that the defendant had delivered an overdue rent notice, stating that he would offset the $1,000 damages award against the overdue rent. The defendant appeared at the house the next day to remove his remaining belongings. On August 3, 2004, the plaintiff moved for contempt against the defendant, claiming that the defendant had violated the final order. After a hearing, the trial court denied the plaintiff's motion for contempt, stating: "Plaintiff gave him permission to remove his belongings even though Defendant exceeded that permission by showing upon [*sic*] Sunday, August 1, 2004, unannounced and entered without permission." The trial court also denied the plaintiff's motion for reconsideration. This appeal followed.

On appeal, the plaintiff argues that the trial court erred by refusing to: (1) award damages for a continuing violation of RSA 540-A:3, I-III; (2) award enhanced damages pursuant to RSA 358-A:10 (1995); and (3) find the defendant in contempt of the final order. In addition, the plaintiff requests attorney's fees and costs pursuant to RSA 540-A:4, IX for bringing this appeal. Upon reconsideration, the defendant argues that the district court lacks jurisdiction to award damages in excess of $25,000.

*II. Violation of RSA 540-A:3, I-III*

As a preliminary matter, we address the defendant's contention that the trial court erred by awarding *any* damages because he did not violate RSA 540-A:3, I-III. Because the defendant did not appeal the final order or file a cross-appeal, we will not review it. SUP. CT. R. 7(5); *see also Concord Hosp. v. N.H. Medical Malpractice Joint Underwriting Assoc.*, 137 N.H. 680, 686 (1993). Furthermore, we will not relax the standards simply because the defendant chose to proceed *pro se* until the plaintiff filed his appellate brief. As a result of the defendant's failure to appeal or cross-appeal, we are bound by the trial court's conclusion that the defendant violated RSA 540-A:3, I-III. Therefore, we uphold the trial court's finding that the defendant willfully interfered with the plaintiff's access to his house, personal property and utility services.

■ We now address the plaintiff's assertion that the trial court erred by awarding only $1,000 in damages for the defendant's violation of RSA 540-A:3, I-III. Specifically, the plaintiff argues that the trial court erred by failing to award damages for each day of the continuing violation of RSA 540-A:3, I-III. We agree.

RSA 540-A:4, IX(a) provides, in pertinent part:

> Any landlord or tenant who violates … any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10, including costs and reasonable attorney's fees incurred in the proceedings. Each day that a violation continues shall constitute a separate violation.

RSA 358-A:10, I (1995) provides, in pertinent part:

> If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court.

The trial court did not award damages for more than one day absent proof of when the defendant received the temporary orders. This was error. *See Johnson v. Wheeler*, 146 N.H. 594, 597 (2001). As we explained in *Johnson*, 146 N.H. at 594, RSA 540-A:3 "seeks to prohibit the landlord's *interference* with the tenant's property or premises." When the defendant received notice of the trial court's temporary orders is irrelevant to determining when the defendant began interfering with the plaintiff's premises or personal property. We have previously held that landlords are charged with knowledge of the statute. *Id.* at 597. Here, the trial court was required under RSA 540-A:4, IX to award the plaintiff damages for each day that the defendant violated RSA 540-A:3, I-III.

We now turn to the calculation of the damages award. The final order does not state when the defendant first denied the plaintiff access to the premises or his personal property. We ordinarily would remand this unresolved issue; however, when a lower tribunal has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide that issue as a matter of law. *Appeal of Cote*, 139 N.H. 575, 580 (1995). Even in the absence of an express finding as to the date of the initial violation of RSA 540-A:3, I-III, the record before us compels a finding that the defendant

interfered with the plaintiff's access to the premises from June 25, 2004, through July 29, 2004. *See id.*

In his RSA 540-A:4 petition, the plaintiff alleged that on June 25, 2004, the defendant, among other things, locked him out of the house, seized his personal belongings, and caused his gas to be shut off. The defendant testified that prior to the hearing, he last met and spoke with the plaintiff on June 25, 2004. The defendant also testified that:

> I just told him that I didn't want him to stay there no more. I didn't want him moving back in. He hadn't lived there in two and a half months, and it was like, you know, you haven't been here for two and a half months, you know, keep doing what—get another place.

In response, the trial judge stated that the defendant was not entitled to resort to self-help and had "to go through the eviction process, just like everyone else." At the conclusion of the July 29, 2004 hearing, the trial court issued the final order, and the defendant immediately restored the plaintiff's access to the premises. Based upon the record, we find, as a matter of law, that the defendant willfully interfered with the plaintiff's access to the premises from June 25, 2004, through July 29, 2004, for a total of thirty-four days.

We, thus, hold the trial court erred by awarding damages in the amount of only $1,000. Under RSA 540-A:4, IX(a), the plaintiff could be entitled to $34,000: $1,000 for each of the thirty-four days from June 25, 2004, through July 29, 2004, that the defendant remained in violation of RSA 540-A:3, I-III.

### III. Enhanced Damages Pursuant to RSA 358-A:10

The plaintiff argues that the trial court erred by refusing to award enhanced damages pursuant to RSA 540-A:4, IX and RSA 358-A:10. We have yet to decide whether RSA 540-A:4, IX, read in conjunction with RSA 358-A:10, authorizes enhanced damages for a "willful or knowing violation" of RSA 540-A:3. This court is the final arbiter of the intent of the legislature as expressed in the words of the statute. *Carter v. Lachance*, 146 N.H. 11, 13 (2001). When construing its meaning we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When statutory language is ambiguous, however, we examine the statute's overall objective and presume that the legislature would not pass an act that would lead to an absurd or illogical result. *Estate of Gordon-Couture v. Brown*, 152 N.H. 265, 266 (2005). Our goal is to apply statutes in light of the legislature's

intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id.*

RSA 540-A:4, IX(a) provides that "[a]ny landlord or tenant who violates ... any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10, including costs and reasonable attorney's fees incurred in the proceedings." RSA 358-A:10, in turn, states: "If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of *this chapter*, it shall award as much as 3 times, but not less than 2 times, such amount." (Emphasis added.) We have previously noted that the legislature's use of the term "shall" indicates mandatory enforcement. *Petition of Mone*, 143 N.H. 128, 136 (1998). Thus, RSA 358-A:10 unambiguously mandates an award of enhanced damages only when the court finds that there has been a "willful or knowing violation" of the Consumer Protection Act, RSA chapter 358-A.

The Act provides that, "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2 (Supp. 2005). Despite its broad language, however, the Act is not unlimited in scope. *Roberts v. General Motors Corp.*, 138 N.H. 532, 538 (1994). RSA 358-A:2 lists fifteen representative categories of unlawful acts or practices that the legislature has determined constitute "unfair method[s] of competition or unfair or deceptive act[s] or practice[s]." None explicitly encompasses a violation of RSA chapter 540-A. While the Act itself states that it is not limited only to those specific transactions, we have held that the Act is applicable only to those *types* of acts therein enumerated. *Roberts*, 138 N.H. at 538.

Furthermore, unlike other New Hampshire statutes, RSA 540-A:4, IX does not classify a violation of RSA chapter 540-A as an "unfair or deceptive act or practice" within the meaning of RSA chapter 358-A. *Compare* RSA 540-A:4, IX *with* RSA 261:22, IV-a (Supp. 2005), RSA 205-A:13-a (2000) *and* RSA 361-B:3 (1995). For example, in *Brosseau v. Green Acres Mobile Homes*, 135 N.H. 643, 650 (1992), we recognized that a prevailing plaintiff could be entitled to enhanced damages for a "willful and knowing violation" of the New Hampshire Regulation of Manufactured Housing Parks, RSA chapter 205-A, because RSA 205-A:13 explicitly provided that "[a]ny violation of the provisions of RSA 205-A:2 shall constitute an unfair trade practice within the meaning of RSA 358-A and may be enforced as provided therein." *Id.* There is no such explicit classification here.

▮ The plaintiff has failed even to argue that a violation of RSA chapter 540-A is an "unfair or deceptive act or practice" within the meaning of

RSA chapter 358-A. We, thus, decline to further address this issue other than to recognize that neither RSA chapter 540-A nor RSA chapter 358-A explicitly classifies a violation of RSA chapter 540-A as an "unfair or deceptive act or practice." *See Smith v. Shepard*, 144 N.H. 262, 264 (1999). Accordingly, we conclude that the plaintiff is not entitled to enhanced damages pursuant to RSA 358-A:10.

*IV. Jurisdictional Limitation upon Damages*

The defendant argues that the district court lacks jurisdiction to award damages to the plaintiff in excess of $25,000. We disagree. Under RSA 540-A:4, I, the district court has concurrent jurisdiction with the superior court to enforce the provisions of RSA 540-A:2 and :3. Although the plaintiff had the option of bringing his petition for relief in either court, he elected to proceed in the district court. RSA 502-A:14, II (1997) provides, in pertinent part: "All district courts shall have concurrent jurisdiction with the superior court of civil actions for damages in which the damages claimed do not exceed $25,000 . . . ." The defendant argues that under RSA 502-A:14, II, a district court lacks jurisdiction to award damages to the plaintiff in excess of $25,000. The plaintiff counters that because each day that the defendant violated RSA 540-A:3 constituted a "separate violation," pursuant to RSA 540-A:4, IX(a), we must consider each violation in isolation, and not cumulatively, for purposes of the RSA 502-A:14 jurisdictional limit. Specifically, the plaintiff contends that the court must view the damages award as thirty-four separate awards in the amount of $1,000 each. The State, appearing as *amicus curiae*, supports the plaintiff's position.

We have not heretofore been called upon to determine whether the district court has jurisdiction to award damages in excess of $25,000 in a landlord/tenant action. We have previously recognized that the district court is a court of *limited* jurisdiction. *Woodstock Soapstone Co. v. Carleton*, 133 N.H. 809, 816 (1991) (holding that superior court properly enjoined landlord from pursuing earlier filed possessory action in district court because although district court had the power to entertain possessory actions under RSA 540:13, it had no equity jurisdiction to address the tenant's cross-claim for specific performance). There are rare instances, however, where the district court retains jurisdiction even though the aggregate amount of damages awarded for individual violations exceeds the jurisdictional limit upon damages claimed. *Cf. Town of Henniker v. Homo*, 136 N.H. 88, 90 (1992).

In *Town of Henniker*, the trial court found that the defendants maintained an unlicensed junk yard on their property in violation of RSA 236:114 and fined them ten dollars for each day the charged violation

continued, for a total fine of $6,060. The defendants appealed, arguing that the trial court improperly deprived them of their right to a jury trial because the court-imposed fines totaled in excess of $500, the amount that constitutionally entitled civil litigants to a jury trial at that time. *Id.* at 88-89. We analyzed RSA 236:127, which provided that "[a]ny person who is in violation of [RSA 236:114] shall be guilty of a violation and each day or fraction thereof *shall constitute a separate offense*," to conclude that the defendants were guilty of 606 *separate* violations, one for each day that they unlawfully maintained a junk yard. *Id.* at 90. We affirmed the trial court's refusal to aggregate the individual violations, holding that the defendants did not have a right to a jury trial on any of their violations, since the maximum fine for any individual violation did not exceed the monetary limitation above which civil litigants were entitled to a jury trial. *Id.* In the absence of subsequent legislative intervention, we presume that *Town of Henniker* was correctly decided.

█ RSA 540-A:4, IX(a) provides, in pertinent part, that "[e]ach day that a violation [of RSA 540-A:2 or :3] continues *shall constitute a separate violation.*" (Emphasis added.) Given the nearly identical language in the penalty provisions, *Town of Henniker* is controlling in the instant case. Thus, even though the plaintiff filed only one petition for relief, we must, nevertheless, consider each violation of RSA 540-A:3 in isolation, viewing the damages as thirty-four separate awards in the amount of $1,000 each. In accordance with our holding in *Town of Henniker*, we will not aggregate each separate violation of RSA 540-A:3 to prohibit the district court from issuing total damages in excess of $25,000.

The defendant relies upon *Thomas v. Crete*, 141 N.H. 708 (1997), to argue that the plaintiff waived a total damages award in excess of $25,000. In *Thomas*, we examined whether the district court erred in awarding the defendants an amount in excess of $2,500 on their counterclaim in a small claims action. *Id.* We noted that although a district court had jurisdiction to hear claims that exceeded $2,500, its authority to adjudicate claims pursuant to the informal procedure established by RSA chapter 503 was limited to small claims. *Id.* We then analyzed the applicable small claims rule at that time, which provided: "If a litigant files a claim in a small claims action that seeks more than $2,500, exclusive of interest and costs, the litigant must either waive the right to claim the amount over $2,500, or proceed by regular civil writ." *Id.* (*citing* DIST. & MUN. CT. R. 4.2 (1997)). We concluded that a judgment resulting from a small claims action was limited to the sum of $2,500, exclusive of interest and costs and, thus, vacated the portion of the district court award in excess of that amount. *Id.*

at 709-10. The instant issue and case, however, are distinguishable from *Thomas*.

The counterclaim in *Thomas* did not implicate the penalty provision set forth in RSA 540-A:4, IX(a), and did not involve the aggregation of individual violations in relation to the jurisdictional limitation of the district court. Furthermore, the rule at issue in *Thomas* explicitly required a litigant in a small claims action to waive the right to damages in an amount over $2,500. *Id.* (*citing* DIST. & MUN. CT. R. 4.2). Accordingly, we remand to the district court to enter an award of damages for the plaintiff in the amount of $34,000, plus any interest and costs to which the plaintiff may be entitled.

The defendant argues that such a result is unfair because the sanction is disproportionate to the harm. We enforce the statute as written, unless it leads to an absurd result, and leave policy decisions to the legislature. In *Johnson*, we explained that the significant penalty for a continuing violation is consistent with the overall intent of RSA chapter 540-A, which is to deter landlords from engaging in prohibited conduct rather than remedy harm to tenants. *Johnson*, 146 N.H. at 596. While we need not look to legislative history to interpret RSA chapter 540-A, it does confirm that the legislature intentionally fashioned a statute that could subject a culpable party to a massive penalty. The legislative history accompanying the statute reveals that the New Hampshire Senate rejected a statutory scheme that would have limited the damages for a continuing violation to a maximum of seven days in favor of the current version, which places no limitations upon the amount of damages that an aggrieved party could receive for a continuing violation of RSA chapter 540-A. N.H.S. JOUR. 896-97, 1149-51, 1243, 1269 (1990). We invite the legislature to clarify RSA chapter 540-A if our interpretation is inconsistent with its intent.

*V. Attorney's Fees Pursuant to RSA 540-A:4, IX*

Next, the plaintiff requests his attorney's fees and costs, pursuant to RSA 540-A:4, IX, for this appeal. The plaintiff was *pro se* below and the trial court denied his request for attorney's fees. The plaintiff did not appeal that denial. *Johnson* is the sole instance in which we have awarded a prevailing plaintiff attorney's fees pursuant to RSA 540-A:4, IX for an appeal. *Johnson*, 146 N.H. at 597. In *Johnson*, we awarded reasonable attorney's fees for the appeal, without deciding whether the statute mandated such an award on appeal, because the defendant conceded such entitlement during oral argument. *Id.*

As noted above, this court is the final arbiter of the intent of the legislature as expressed in the words of the statute. *Carter*, 146 N.H. at 13.

RSA 540-A:4, IX(a) states: "Any landlord or tenant who violates . . . any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10, including costs and reasonable attorney's fees incurred in the proceedings." This issue turns on whether we construe "proceedings," in the context of RSA 540-A:4, IX, to include an appeal to this court, or just the action at the trial court level. RSA chapter 540-A does not explicitly define "proceedings." "Proceeding" can mean "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1241 (8th ed. 2004). "Entry of judgment" means "[t]he ministerial recording of a court's final decision." *Id.* at 574. Pursuant to District Court Rule 3.21, the district court will not enter a "final judgment" until the expiration of the appeal period or until after the conclusion of the appeal. *See* DIST. CT. R. 3.21. It is, therefore, unambiguous that an appeal may be an "act[] . . . between the time of commencement and the entry of judgment," and may, thus, constitute a "proceeding." Accordingly, we hold that a prevailing plaintiff is eligible to recover reasonable attorney's fees and costs, pursuant to RSA 540-A:4, IX, for a successful appeal.

We note that we have stated in other contexts that where a party prevails on some claims and not on others, and the successful claims are analytically severable, any fee award should be reduced to exclude time spent on unsuccessful claims. *E.g., Van Der Stock v. Van Voorhees,* 151 N.H. 679, 685 (2005).

*VI. Contempt*

Finally, the plaintiff argues the trial court erred by refusing to find the defendant in contempt of the final order. The contempt power is discretionary and the proper inquiry is not whether we would have found the defendant in contempt, but whether the trial court unsustainably exercised its discretion in refusing to do so. *See In the Matter of Giacomini & Giacomini,* 150 N.H. 498, 500 (2004).

At the contempt hearing on August 26, 2004, the plaintiff alleged that the defendant: (1) failed to pay him the $1,000 damages award; (2) entered his premises without permission; (3) denied him access to the garage; and (4) issued a notice that he owed the defendant rent for the month of July even though he had been locked out of the premises that month. The plaintiff also testified, however, that upon entry of the final order, the defendant had immediately restored his access to the house and had returned all of his property. The trial court ruled that because the tenant had given the landlord permission to enter the premises on July 30, 2004, the landlord was not in contempt for entering on August 1, 2004. The trial court also advised the plaintiff to contact an attorney to address the

plaintiff's issues about the $1,000 damages award and the notice of overdue rent for July. The record demonstrates that the trial court reviewed the parties' conduct from July 29, 2004, through August 1, 2004, before refusing to find the defendant in contempt of the final order. *See id.* The trial court was not compelled to find the defendant in contempt and did not unsustainably exercise its discretion in refusing to do so. *See id.* at 501.

*Affirmed in part; reversed in part; and remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.