**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0280, <u>Melanie Phelps v. Bhavnesh Kaushik</u>, the court on October 12, 2016, issued the following order:**

The defendant's request in his brief "for an extension of time to complete his brief" is denied.  Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm in part, vacate in part, and remand.

The defendant, Bhavnesh Kaushik (landlord), appeals an order of the Circuit Court (<u>Tenney</u>, J.), following a four-day final hearing, awarding the plaintiff, Melanie Phelps (tenant), $58,000 for willfully interrupting her utility services, <u>see</u> RSA 540-A:3, I (Supp. 2015), and attorney's fees of $4,649.50.

The trial court found that the landlord initially violated RSA 540-A:3, I, on June 11, 2014, by shutting off the tenant's electricity.  The trial court further found that the landlord had received a temporary order requiring that he restore electrical service on June 12, 2014, and that he did not restore electrical service until June 17, 2014, five days later.  In addition to the interruption of electrical service, the trial court found that the landlord violated RSA 540-A:3, I, a second time by shutting off the tenant's water on June 12, 2014.  The trial court found that it had ordered the landlord to restore the water "immediately" at a hearing on July 8, 2014, and that he did not restore the water until July 30, 2014, twenty-two days later.  Each of these violations, according to the trial court, was voluntary, intentional, and knowing.

On these findings, the trial court determined that the tenant was entitled to: (1) $1,000 per day for the initial violations that occurred on June 11 and 12, 2014; (2) $1,000 per day for the five days that the tenant was without electricity after June 12 and the twenty-two days that she was without water after July 8; and (3) an award of attorney's fees.  <u>See</u> RSA 540-A:4, IX(a) (Supp. 2015); RSA 358-A:10, I (2009).  Additionally, the trial court ruled that, because the landlord's actions were voluntary, intentional, and knowing, it was "required under RSA 358-A:10" either to double or triple the damages award.  Thus, the trial court awarded a total of $58,000, representing $2,000 per day for twenty-nine days of violations, and attorney's fees of $4,649.50.  Finally, the trial court dismissed a separate possessory action that the landlord had brought, in which he sought unpaid rent, <u>see</u> RSA 540:13, III (2007), finding that the eviction was retaliatory, <u>see</u> RSA 540:13-a (2007), and that the property was not habitable, <u>see</u> RSA 540:13-d (2007).  This appeal followed.

On appeal, the landlord argues that the trial court erred by: (1) not allowing him to seek compensation for, or introduce evidence of, damages to the apartment, which the landlord allegedly discovered after the tenant had vacated the property during the course of the proceeding, and which the trial court found he had not separately pleaded; (2) allowing the tenant to withdraw her RSA 540-A claim based upon an alleged infestation of bed bugs and rodents; (3) not allowing him to cross-examine the tenant and her husband regarding their correction, at the close of the hearing, of earlier testimony in which the tenant had represented that the landlord had received a certain rent payment; (4) not awarding him unpaid rent; (5) believing testimony of the tenant and some of her witnesses, and not believing contradictory testimony; and (6) allegedly being biased in favor of the tenant and her counsel, and prejudiced against him based upon his ethnicity.  Any remaining issues raised in the landlord's brief are not sufficiently developed to warrant judicial review. State v. Blackmer, 149 N.H. 47, 49 (2003).  Issues that he has raised in his notice of appeal that he has not briefed are waived.  Id.

The trial court has broad discretion to manage the proceedings before it. Achille v. Achille, 167 N.H. 706, 713 (2015).  Its discretion includes resolving disputes over the admissibility of evidence, N.H. Dep't of Transp. v. Franchi, 163 N.H. 797, 803 (2012), and allowing a party to amend his or her pleadings so as to assert a new claim, Sanguedolce v. Wolfe, 164 N.H. 644, 648 (2013). To establish an unsustainable exercised of discretion, the landlord must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  See Achille, 167 N.H. at 713; Franchi, 163 N.H. at 803.

We will uphold the trial court's findings unless they lack evidentiary support or are erroneous as a matter of law.  Randall v. Abounaja, 164 N.H. 506, 508 (2013).  In reviewing the trial court's findings of fact, we defer to its judgment in resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight to be assigned to the evidence presented.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).  Indeed, the trial court is free to accept or reject, in whole or in part, the testimony of any party, and is not required to believe even uncontested evidence.  Id. at 466.; see Wass v. Fuller, 158 N.H. 280, 283 (2009).  Our inquiry is to determine whether the evidence presented at trial reasonably supports the trial court's findings, and then whether its decision is consonant with applicable law.  Randall, 164 N.H. at 508.

We note that, to the extent the landlord is challenging the dismissal of his possessory action and unpaid rent claim, he did not file a separate discretionary appeal, in accordance with our order of June 2, 2015, from the dismissal of the possessory action.  Accordingly, the landlord is limited in this appeal to challenging the award of damages and attorney's fees pursuant to RSA 540-A:4, IX(a) and RSA 358-A:10, I.

As the appealing party, the landlord has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the landlord's challenges to that order, the relevant law, and the record submitted on appeal, we conclude that the landlord has not demonstrated reversible error as to the specific issues he has raised in his brief. See id. We note that, with respect to the landlord's arguments that the trial court was biased, based upon our review of the entire transcript, we cannot say either that a reasonable person would have questioned the trial judge's impartiality, or that any factor that would have per se disqualified the trial judge was present. See State v. Bader, 148 N.H. 265, 268-71 (2002).

We conclude, however, that the trial court erred by ruling that, under RSA 358-A:10, the tenant was entitled to enhanced damages because the landlord's actions were voluntary, intentional, and knowing. In Simpson v. Young, 153 N.H. 471, 475-77 (2006), we rejected a tenant's argument that RSA 358-A:10, read together with RSA 540-A:4, IX, entitled the tenant to enhanced damages. In rejecting this argument, we observed that, although RSA 540-A:4, IX(a) subjects a landlord who has violated RSA 540-A:3 "to the civil remedies set forth in RSA 358-A:10," RSA 358-A:10 entitles a plaintiff to double or triple damages only if the trial court finds a "willful or knowing violation of this chapter." RSA 358-A:10, I (emphasis added); see Simpson, 153 N.H. at 476. Because neither RSA chapter 358-A nor RSA chapter 540-A explicitly classifies a violation of RSA chapter 540-A as an "unfair or deceptive act or practice" for purposes of RSA chapter 358-A, we held that the plaintiff was not entitled to enhanced damages under RSA 358-A:10, I. Simpson, 153 N.H. at 476-77.

In this case, as in Simpson, the tenant did not argue that a violation of RSA chapter 540-A necessarily falls within the meaning of "unfair or deceptive act or practice" under RSA 358-A:2 (Supp. 2015). Rather, she simply asserted, and the trial court ruled, that: (1) "[i]f an act or practice complained of in an action brought under RSA 540-A:3 is willful or knowing, a court shall award a prevailing plaintiff as much as 3 times, but not less than 2 times, the damages. See RSA 358-A:10, I"; (2) "'[w]illfully' is defined as a voluntary and intentional act, as opposed to a mistake or accident"; and (3) because the landlord's actions were "voluntary, intentional, and knowing," enhanced damages were "required under RSA 358-A:10." These rulings were contrary to our interpretation of RSA 358-A:10, I, and RSA 540-A:4, IX(a) in Simpson.

The landlord has not raised this issue. We have discretion, however, to correct a plain error affecting an appealing party's substantial rights even if that party fails to raise the issue at trial or on appeal. Sup. Ct. R. 16-A; see Randall, 164 N.H. at 511. "To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Randall, 164 N.H. at 510 (quotation omitted).

3

In <u>Randall</u>, we held that the trial court engaged in plain error by awarding the plaintiff $1,000 per day for multiple days that a violation of RSA 540-A:3, I, continued <u>before</u> the trial court had issued its temporary order. <u>Id</u>. at 510-11. In so holding, we reasoned that the award was contrary to the plain language of RSA 540-A:4, IX(a), and that, because it required the landlord to pay thousands of dollars more than she should have been required to pay, the trial court's error resulted in a miscarriage of justice. <u>Id</u>.

Here, because the trial court's ruling was contrary to RSA 540-A:4, IX(a) and RSA 358-A:10, I, as construed by <u>Simpson</u>, we conclude that the trial court erred, and that its error was plain. <u>See</u> <u>Hilario v. Reardon</u>, 158 N.H. 56, 60 (2008) (finding plain error where trial court decision was contrary to a superior court rule and a prior opinion interpreting that rule). Moreover, because it resulted in an award that was $29,000 more than it should have been under <u>Simpson</u>, we conclude that it affected the landlord's substantial rights, <u>see</u> <u>id</u>. at 60-61 (error affected substantial rights because it affected the outcome of the proceeding), and seriously affected the fairness, integrity or public reputation of the proceedings, <u>see</u> <u>Randall</u>, 164 N.H. at 510-11 (finding that error resulting in an award that was several thousand dollars more than it should have been seriously affected the fairness, integrity, or public reputation of judicial proceedings). Accordingly, we vacate only those portions of the trial court's order awarding the tenant double damages under RSA 358-A:10, I, and remand for further proceedings consistent with this order.

Upon remand, the trial court may address whether a violation of RSA chapter 540-A falls within the meaning of "unfair or deceptive act or practice" for purposes of RSA 358-A:2, <u>see</u> <u>Simpson</u>, 153 N.H. at 476-77, and if it determines that it does, it shall explain its statutory analysis with sufficient detail to allow for meaningful appellate review. Otherwise, we direct the trial court to enter judgment in the tenant's favor in the amount of $29,000 plus attorney's fees of $4,649.50.

<u>Affirmed in part; vacated in part; and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4