**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0298, <u>Donna Marie Conner v. Elliot Hospital & a.</u>, the court on December 22, 2016, issued the following order:**

Having considered the plaintiff's brief and reply memoranda, the defendants' memoranda of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Donna Marie Conner, appeals orders of the Superior Court (<u>Ruoff</u> and <u>Nicolosi</u>, JJ.) dismissing her claims against defendant Elliot Hospital for failure to disclose an expert witness, and against defendant Catholic Medical Center for failure to state a claim upon which relief may be granted.

Expert testimony is required when the subject of the plaintiff's claim is beyond the competence of the average layperson. <u>See</u> <u>Estate of Sicotte v. Lubin & Meyer</u>, 157 N.H. 670, 673 (2008). This rule includes claims alleging failure to comply with a medical standard of care. <u>See</u> RSA 507-E:2 (2010); <u>Smith v. HCA Health Servs. of N.H.</u>, 159 N.H. 158, 161-62 (2009). The content and timing of pretrial disclosures of expert testimony are governed by RSA 516:29-b (Supp. 2016) and any pretrial discovery orders entered by the trial court. We review a trial court's decision to dismiss an action for a plaintiff's failure to timely or properly disclose expert testimony for an unsustainable exercise of discretion. <u>Estate of Sicotte</u>, 157 N.H. at 673.

In reviewing an order granting a motion to dismiss for failure to state a claim upon which relief may be granted, we consider whether the factual allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Riso v. Dwyer</u>, 168 N.H. 652, 654 (2016). We assume the plaintiff's well-pleaded factual allegations to be true, and construe all reasonable inferences from such allegations in the light most favorable to the plaintiff. <u>Id</u>. We then engage in a threshold inquiry that tests the well-pleaded facts against the applicable law, and if such facts do not constitute a basis for legal relief, we will affirm the trial court's dismissal. <u>Id</u>.

It is the burden of the appealing party, here the plaintiff, to demonstrate reversible error on appeal. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Issues raised on appeal without developed legal argument are waived. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). In New Hampshire, the rules of procedure, both in the trial court and on appeal, are not relaxed merely because a party is

self-represented.  See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006); Simpson v. Young, 153 N.H. 471, 473 (2006).

In this case, we have reviewed the portions of the trial court record provided on appeal, including the trial court's orders dismissing the plaintiff's claims and the papers submitted in the trial court relative to those decisions, and the plaintiff's arguments challenging those decisions on appeal.  We conclude that the plaintiff has failed to demonstrate, through developed legal argument, why the trial court erred by dismissing her claims.  Any further arguments raised by the plaintiff are either insufficiently developed, see Blackmer, 149 N.H. at 49, or otherwise do not warrant further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Under the circumstances, the plaintiff's "PLEA FOR RELIEF BASED UPON THE CONSTITUTION FOR NEW HAMPSHIRE RULE OF PROMPTNESS, [Art.] 14. [Legal Remedies to be Free, Complete, and Prompt.]," in which she requests that we "decide [her] matter without further delay," is moot.

Affirmed.

Dalianis, C.J., and Conboy and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**