**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0100, <u>James Faro & a. v. Land's End Association</u>, the court on December 19, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiffs, James Faro and Mary Jean Faro, appeal an order of the Superior Court (<u>Houran</u>, J.), following a seven-day evidentiary hearing, denying their motion for contempt against the defendant, Land's End Association.  "A civil contempt action arises from a private wrong in which the defendant causes harm to the plaintiff by . . . fail[ing] to comply with a court order."  <u>Duval v. Duval</u>, 114 N.H. 422, 425 (1974).  The trial court's exercise of its contempt power is discretionary.  <u>Simpson v. Young</u>, 153 N.H. 471, 480 (2006).  To properly exercise its civil contempt power, the underlying order must clearly describe what the alleged contemnor must do to avoid the sanction.  <u>Dover Veterans Council v. City of Dover</u>, 119 N.H. 738, 740 (1979).  On appeal, the proper inquiry is not whether we would have found the defendant in contempt, but whether the trial court unsustainably exercised its discretion in refusing to do so.  <u>Simpson</u>, 153 N.H. at 480.

In this case, the plaintiffs premised their claim of contempt, in part, on their allegation that the defendant had failed to sufficiently irrigate certain trees on its property, which eventually resulted in the trees dying.  The failure to adequately irrigate the trees, according to the plaintiffs, amounted to contempt of an obligation under prior court orders to "maintain" the trees.  The trial court found that, had the defendant more consistently watered the trees, most of the trees would have survived drought conditions which, the trial court found, were unforeseeably severe in the late fall of 2016.  Thus, although the trial court found that the defendant had not fully complied with prior court orders obligating it to maintain the trees, it denied the motion because it determined that the noncompliance was not "willful."

On appeal, the plaintiffs argue that the trial court erred by: (1) requiring that they prove willfulness; (2) applying an allegedly erroneous definition of "willful"; (3) finding that the defendant had not acted willfully; (4) declining to reconsider its application of the willfulness standard on the basis that the plaintiffs had failed to timely challenge it; and (5) finding that the defendant's noncompliance with prior court orders was attributable to an "act of God."  We

begin by addressing whether the plaintiffs timely raised their challenge to the willfulness standard.

The record on appeal establishes that, in 2015, prior to the contempt motion in this case, the trial court resolved another contempt motion brought by the plaintiffs against the defendant. In deciding the 2015 contempt motion, the trial court expressly required the plaintiffs to prove that the defendant had willfully failed to comply with prior court orders. The plaintiffs prevailed, in part, on the 2015 contempt motion.

The plaintiffs opened their present motion by specifically quoting the trial court's finding in the 2015 contempt order that they had proven that the defendant "willfully failed to comply with [prior court] orders." The plaintiffs then asserted that in this case, the defendant "is willfully or recklessly in breach of its duty to maintain the trees on its property, and in contempt of the Court's orders requiring that it do so." The plaintiffs specifically requested that the trial court find the defendants in contempt for "[a]cting with willful indifference to its obligation to maintain the trees."

The defendant moved to dismiss the contempt motion. In denying the motion to dismiss, the trial court observed that "proof of contempt . . . requires proof of knowledge of the court order and of willful failure to comply with the order." Thus, the trial court stated that it was required to determine whether the plaintiffs had pleaded "sufficient facts to show a willful failure on the part of [the defendant] to comply with" prior court orders. The trial court concluded that the plaintiffs had pleaded sufficient facts, when construed in the light most favorable to the plaintiffs, to establish the defendant's willful noncompliance with prior court orders. The record does not reflect that the plaintiffs sought clarification of this order relative to whether they would be required to prove the defendant's willfulness at trial.

Shortly before trial, the parties filed conflicting motions concerning the admissibility of certain e-mail communications. The plaintiffs took the position that the defendant's "motive, intent and plan [were] directly at issue in this contempt proceeding," and argued that the communications were admissible, over the defendant's hearsay objection, as "[e]vidence of [the defendant's] motive, intent and plan with regard to its willful mismanagement of the subject property." The plaintiffs further argued that the trial court's ruling in the 2015 contempt proceeding that similar e-mail communications were admissible to prove "state of mind or intent" constituted "the law of the case and should apply here in this latest enforcement action." At the commencement of the evidentiary hearing, the trial court ruled that, because the party seeking a contempt ruling "bears the burden of showing a state of mind, willfulness, often," it generally would allow the e-mails into evidence for the purpose of proving the defendant's knowledge and state of mind. The plaintiffs again did

2

not seek clarification of the trial court's suggestion that they bore the burden to prove willfulness.

Following the evidentiary hearing, the plaintiffs submitted a 40-page memorandum of law. In a section of the memorandum entitled, "**Legal Standards**," the plaintiffs specifically asserted that to prevail in this case, they were required to "prove that [the defendant] had knowledge of a clear and unambiguous court order, and intentionally failed to comply with it." (Emphasis added.) The plaintiffs cited the 2015 contempt order in support of this statement. The plaintiffs followed this statement with two lengthy block quotations of Aspira of New York, Inc. v. Board of Education of New York, 423 F. Supp. 647 (S.D.N.Y. 1976), comprising fifteen and thirteen lines of text, respectively. The first block quotation included the statement, "While a finding of civil contempt should follow only from 'clear and convincing proof,' the violation need not be wilful to evoke such a remedial determination." Aspira of N.Y. Inc., 423 F. Supp. at 653-54 (citations omitted). The plaintiffs then argued, "Indifference or evasiveness so great that it crosses the line to willful disregard is contumacious conduct, and that is what happened in this case."

After the trial court denied the motion for contempt on the basis that the plaintiffs had not proven willful noncompliance with prior court orders, the plaintiffs moved for reconsideration, arguing in part that the trial court had erred by requiring proof of willfulness. In rejecting this argument, the trial court reasoned, in part, that "this motion for contempt was from the beginning pled and litigated on a willfulness standard," and that "[i]t is only now, in a request for reconsideration, that the [plaintiffs] are asserting that the standard is erroneous." Thus, the trial court denied the plaintiffs' "request to reconsider the application of the willfulness standard . . . as untimely asserted."

On appeal, the plaintiffs argue that the trial court erred by declining to reconsider its application of the willfulness standard because, they claim, their quotation of Aspira of New York, Inc., amounted to an objection to the standard. They further argue that the motion for reconsideration was, alone, sufficient to raise their challenge to the willfulness standard. We disagree.

To preserve an issue for appeal, the appealing party generally must raise it in the trial court "at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct claimed errors in the first instance." SNCR Corp. v. Greene, 152 N.H. 223, 224 (2005) (quotation omitted). Although a party may preserve an issue by raising it for the first time on reconsideration if the failure to raise the issue at an earlier time does not deprive the trial court of a full opportunity to correct its error, we have held that "[i]f . . . the trial court exercises its discretion to refuse to entertain the issue on reconsideration due to the party's failure to raise it at an earlier time, we will uphold that decision absent an unsustainable exercise of discretion." Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006). We have

3

likewise held that "'a party may not avail himself of error into which he has led the trial court, intentionally or unintentionally.'" State v. Goodale, 144 N.H. 224, 227 (1999) (brackets omitted) (quoting 5 C.J.S. Appeal and Error § 745, at 179 (1993)).

In this case, even if we assume, without deciding, that the trial court erred by requiring proof of willfulness, but see In the Matter of Giacomini & Giacomini, 150 N.H. 498, 501 (2004) (upholding trial court's denial of contempt for nonpayment of child support on ground that the obligor mistakenly believed that he was entitled to offset child support payments with other child expenses); Stone v. Stone, 111 N.H. 167, 168 (1971) (stating that "[t]he basis for a finding of contempt is the wilful disobedience by the party charged of an existing order"); we conclude that the trial court acted well within its discretion by refusing to reconsider the willfulness standard due to the plaintiffs' failure to raise the issue at an earlier time. Indeed, the plaintiffs pleaded their contempt motion on a theory that the defendant had "willfully failed to comply with [prior court] orders" by "[a]cting with willful indifference to its obligation to maintain the trees," and cited the trial court's application of the willfulness standard in the 2015 order as support. In denying the defendant's motion to dismiss, the trial court was clear that it would, in fact, require proof of willfulness. Not only did the plaintiffs fail, at that point, to bring the trial court's alleged error to its attention, they then expressly embraced the willfulness standard by successfully arguing for the admissibility of out-of-court statements to prove the defendant's "motive, intent and plan with regard to its willful mismanagement of the subject property."

Although the plaintiffs, in their post-trial memorandum of law, quoted the statement from Aspira of New York, Inc. that a "violation need not be wilful" to constitute contempt, that statement was part of a lengthy block quote that followed their unequivocal assertion that to prevail in the case, they were obligated to prove that the defendant "intentionally failed to comply with" an unambiguous court order. See Franciosa v. Hidden Pond Farm, 171 N.H. 350, 360 (2018) (interpreting "willful . . . disregard for the safety of the participant" in RSA 508:19, III(d) (2010) to include having a "conscious purpose to disregard" the participant's safety). Moreover, the plaintiffs followed their lengthy block quotations of Aspira of New York, Inc. by arguing that the defendant had, in fact, engaged in sufficient "willful disregard" of its obligations so as to amount to contempt. Finally, we note that by the time the plaintiffs had filed their post-trial memorandum of law, the parties had already tried the case over the course of seven trial days based upon the plaintiffs' pleaded claim that the defendant had "willfully failed to comply with [prior court] orders." Under these circumstances, we conclude that the plaintiffs effectively invited any alleged error in requiring proof of willfulness, see Goodale, 144 N.H. at 227 (holding that the defendant could not "claim [that] the trial court erred by using the very standard he had [earlier] asked the court to apply"), and that the trial court did not unsustainably exercise its discretion by declining to reconsider its

application of the willfulness standard on timeliness grounds, see Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 654-55 (2000).

To the extent the plaintiffs contend that the trial court erred by not applying the "inexcusable carelessness" definition of willful, we note that the trial court, in fact, found the defendant "not guilty of a 'conscious wrong or evil purpose' or 'at least inexcusable carelessness.'" (Quoting Franciosa, 171 N.H. at 359) (emphasis added).)  In context, we construe the trial court's order as having found that the plaintiffs failed to establish willfulness under any of the definitions in Franciosa, including "inexcusable carelessness."  See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is a question of law, which we review de novo).

With respect to the remaining issues on appeal, it is the plaintiffs' burden, as the appealing parties, to demonstrate reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiffs' remaining arguments, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**