# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0586, <u>Alex Luis Morales v. Zenandre Braccio</u>, the court on June 22, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Alex Luis Morales, appeals an order recommended by a judicial referee (<u>Boyle</u>, R.) and approved by the Circuit Court (<u>Lyons</u>, J.) denying his request for attorney's fees incurred in responding to post-trial motions filed by the defendant, Zenandre Braccio, in a landlord/tenant action brought under RSA chapter 540-A. We reverse and remand.

I

The record supports the following facts. In March 2022, the plaintiff filed a tenant's petition under RSA 540-A:4. The Circuit Court (<u>Chabot</u>, J.) issued a temporary order: (1) finding that the plaintiff was in immediate threat of irreparable harm due to the action of the defendant; (2) ordering that the defendant immediately restore and maintain all utility services; and (3) restraining the defendant from violating the plaintiff's right to quiet enjoyment. On April 20, following a hearing, the Circuit Court (<u>Gardner</u>, J.) approved a final order finding that the defendant had violated RSA 540-A:3, I, by willfully interrupting utility services. The court ordered the defendant to pay $7,000 in damages and awarded the plaintiff attorney's fees "to be determined by affidavit." (Capitalization omitted.)

On May 10, the defendant moved to vacate the final order and requested attorney's fees under RSA 540-A:4, X "for having to file [the] motion to vacate." <u>See</u> RSA 540-A:4, X (2020) ("If an action initiated under RSA 540-A:3 is found to be frivolous or brought solely for harassment, the plaintiff shall pay to the defendant the cost of such action including reasonable attorney's fees."). The plaintiff objected and requested that the court order the defendant to pay his attorney's fees "in responding to the Motion." On May 24, the Circuit Court (<u>Lyons</u>, J.) denied the defendant's motion to vacate "for all of the reasons cited by Plaintiff in his Objection" and ruled that "[n]either party is awarded Attorney's fees."

The plaintiff moved for reconsideration of the court's May 24 order, arguing that "[t]he present motion practice [was] a direct extension of the

underlying 540-A petition" and because "it challenges the underlying order it should also be covered by the grant of authority for [attorney's] fees" under RSA 540-A:4, IX. The plaintiff asked the court to award him attorney's fees for his "review and response to the defendant's motion to vacate." The defendant also moved for reconsideration of the May 24 order, to which the plaintiff objected. On June 17, the trial court denied the defendant's motion "for all of the reasons cited by" the plaintiff in his objection. (Capitalization omitted.) On June 21, the court issued an order on the plaintiff's motion for reconsideration of the May 24 order. The June 21 order stated: "As stated in the Court's Order dated April 20, 2022, the Landlord is responsible for Attorney fees on the underlying case in an amount to be determined by Affidavit. No Attorney fees are awarded to either party for post trial motions." This appeal followed.

II

On appeal, the plaintiff argues that the trial court erred in failing to award his attorney's fees "in accordance with RSA 540-A:4 and RSA 358:10 for the necessity of responding to Defendant's post-trial motions." The plaintiff asserts that under Simpson v. Young, 153 N.H. 471 (2006), a prevailing plaintiff in an appeal may recover for attorney's fees and costs pursuant to RSA 540-A:4, IX and that "there exists no limitation in RSA 540-A:4 on post-trial proceedings or attorney's fees generated from an opposing party's post-trial legal actions directly resulting from the initial violation." The defendant counters that, although RSA 540-A:4, IX(a) allows for an award of costs and reasonable attorney's fees, "it appears that the trial court at least implicitly determined that it would not be reasonable to award Plaintiff any attorney's fees relating to any post-trial motions." In addition, he asserts that Simpson "is only limited to deciding the issue about fees incurred on appeal to this Court."

Pursuant to RSA 540-A:4, IX, "[a]ny landlord . . . who violates . . . any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10 for the initial violation, including costs and reasonable attorney's fees incurred in the proceedings." RSA 540-A:4, IX(a). In turn, RSA 358-A:10 provides that "a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." RSA 358-A:10, I (2022).

We determined in Simpson that "proceedings," in the context of RSA 540-A:4, IX, means "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Simpson, 153 N.H. at 480 (quotation and brackets omitted). "Entry of judgment" means "the ministerial recording of a court's final decision." Id. (quotations and brackets omitted). We reasoned that, because the trial court "will not enter a 'final judgment' until the expiration of the appeal period or until after the conclusion of the appeal," an appeal "may be an

'act . . . between the time of commencement and the entry of judgment,' and may, thus, constitute a 'proceeding.'" Id. Therefore, we held that "a prevailing plaintiff is eligible to recover reasonable attorney's fees and costs, pursuant to RSA 540-A:4, IX, for a successful appeal." Id.

The same reasoning applies here. The plaintiff's pleadings filed between his tenant's petition and this appeal, including his post-trial motions, constitute "acts . . . between the time of commencement and the entry of judgment." Id. (quotation omitted). Accordingly, the plaintiff is entitled to recover reasonable attorney's fees pursuant to RSA 540-A:4, IV, and we determine that the trial court erred as a matter of law in ruling otherwise. See RSA 540-A:4, IX(a) ("[a]ny landlord . . . who violates . . . any provision of RSA 540-A:3 shall be subject to . . . reasonable attorney's fees incurred in the proceedings" (emphasis added)); RSA 358-A:10, I ("a prevailing plaintiff shall be awarded . . . reasonable attorney's fees" (emphasis added)).

Reversed and remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**