Dover District Court
No. 98-534

SUSAN CARTER

v.

DOUGLAS LACHANCE

February 2, 2001

*Law Offices of Brian T. Stern, P.A.*, of Dover (*Harold Beede* on the brief, and *Brian T. Stern* orally), for the plaintiff.

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*Charles G. Douglas, III* on the brief, and *V. Richards Ward, Jr.* orally), for the defendant.

NADEAU, J. The plaintiff, Susan Carter, filed a petition against her landlord, defendant Douglas Lachance. The Dover District Court (*Cullinane*, J.) found that the defendant violated RSA 540-A:3 (1997), but refused to award the minimum damages specified in RSA 358-A:10 (1995). The plaintiff appeals the denial of statutory damages, costs, and attorney's fees. We reverse and remand.

On May 4, 1998, the plaintiff filed a petition alleging that the defendant willfully shut off her utilities, entered her apartment without permission, and took retaliatory action against her for "being gas[s]ed at [the] apartment."

The petition was a pre-printed form provided by the district court entitled "PETITION UNDER RSA 540-A:4." The plaintiff filed her petition without the assistance of legal counsel and did not indicate that she was seeking damages or attorney's fees. On the day the plaintiff filed her petition, the Rochester District Court issued a temporary order requiring the defendant to restore utility services and to refrain from entering her apartment without notice.

The temporary order was served on the defendant on May 6, 1998. On May 7, the plaintiff moved for contempt in the Dover District Court, alleging that the defendant did not comply with the order to restore utilities. A hearing was held on June 3, 1998, at which only the plaintiff was represented by counsel. During the hearing, the plaintiff requested minimum statutory damages. Following the hearing, the court found that the defendant "has violated RSA

540-A:3" and again ordered the defendant to "restore and maintain all utility services."

The final order was silent as to damages, costs, and attorney's fees. The court denied the plaintiff's motion to reconsider.

The plaintiff argues that the trial court erred when it refused to award minimum damages, costs, and attorney's fees. The plaintiff contends that RSA 540-A:4, IX (1997) mandates that the trial court award damages as provided by RSA 358-A:10 for a violation of any provision of RSA 540-A:3.

RSA 540-A:4, IX provides:

Any landlord or tenant who violates . . . any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10, including costs and reasonable attorney's fees incurred in the proceedings. Each day that a violation continues shall constitute a separate violation.

RSA 358-A:10, I, is part of the Consumer Protection Act and provides:

Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds . . . a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court.

The district court's order stated that "the plaintiff failed to offer evidence of actual damages. The claimant, in any action, has the burden of pleading and proving damages. The plaintiff failed to meet her burden in the case at bar."

"This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Van Lunen*, 145 N.H. 82, 86 (2000) (quotations, brackets, and ellipsis omitted). We have previously noted that the legislature's use of the term "shall" indicates that the enforcement of that portion of the statute is mandatory. *See State v. Atkins*, 143 N.H. 242, 245 (1998).

■ RSA 540-A:4, IX unambiguously states that a landlord in violation of RSA 540-A:3, such as the defendant in this case, *shall* be subject to the civil remedies described in RSA 358-A:10, including costs and reasonable attorney's fees. RSA 358-A:10, in turn, states that "[i]f the court finds for the plaintiff, recovery *shall* be in the amount of actual damages or $1,000, whichever is greater," and the plaintiff "*shall* be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." (Emphasis added.) These provisions relieve the plaintiff from the usual requirement of pleading and proving damages and of pleading costs and attorney's fees. Instead, the statute mandates that the trial court award the prevailing plaintiff the minimum of $1,000 in damages plus costs and reasonable attorney's fees. *See Whispering Springs Tenant Assoc. v. Barrett*, 137 N.H. 203, 208-09 (1993).

■ The defendant argues that allowing a plaintiff to recover damages, costs, and attorney's fees that were not pled or proved violates principles of due process by depriving the defendant of the opportunity to prepare a proper defense. We disagree. The statutory *minimum* award of $1,000 is not based upon actual damages suffered, but is a penalty imposed upon landlords who violate RSA 540-A:3. We express no opinion on what the ultimate award should be. Thus, it requires no evidence of damages, but only a finding that the landlord did, in fact, violate RSA 540-A:3. The same is true of an award of costs and attorney's fees. The defendant was on notice that he had to defend against an allegation that he violated RSA 540-A:3. As he was, or should have been, aware of the potential remedies, he suffered no due process violation.

■■ The defendant's remaining arguments are outside the scope of the issues raised by the plaintiff on appeal. As such, we decline to review them. *See In re "K"*, 132 N.H. 4, 16-17 (1989). The plaintiff raises other issues in the notice of appeal but failed to brief them; therefore, they are waived. *See State v. Mountjoy*, 142 N.H. 648, 682 (1998).

Accordingly, we reverse the district court's order to the extent that it denied damages, costs, and attorney's fees, and remand for computation of those damages, costs, and fees in accordance with RSA 540-A:4, IX, RSA 358-A:10, and this opinion.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU, J., took part in the final vote by consent of the parties.