**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0282, <u>Alfred Charest, III & a. v. Kym Blaisdell</u>, the court on November 28, 2017, issued the following order:**

Having considered the brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The plaintiffs, Alfred Charest, III and Barbara Charest (tenants), appeal a small claim judgment issued by the Circuit Court (<u>Cyr</u>, Referee, approved by <u>Rappa</u>, J.) in their favor on their claim against the defendant, Kym Blaisdell (landlord), and in the landlord's favor on her counterclaim. We construe their brief to argue that the trial court erred by: (1) awarding the landlord damages to repair items that the trial court did not find they had damaged; and (2) not awarding them adequate damages.

In reviewing damage awards, we view the evidence in the light most favorable to the prevailing party and will overturn an award only if we find it to be clearly erroneous. <u>McNeal v. Lebel</u>, 157 N.H. 458, 466 (2008).

We first address the award of damages to the landlord. Although the tenants have not supplied a transcript of the hearing on the merits, when determining the value of the landlord's damages, the trial court explicitly relied upon a contractor's written estimate, which is part of the record. The estimate states that it is for "apartment remodel" and itemizes costs of repairs for several categories of damages that the trial court did not find the tenants to have caused. However, the trial court awarded the landlord the total amount contained in the estimate and did not limit the damage award to the cost of those items that the trial court found the tenants to have damaged. Under these circumstances, we vacate the award of damages to the landlord and direct the trial court, upon remand, to recalculate the damage award to the landlord.

We next address the damages awarded to the tenants. The trial court found that "the repeated loss of hot water for several days at a time constituted a violation of RSA 540-A:3" and awarded the tenants $1,000.00 plus their costs, pursuant to RSA 540-A:4, IX (Supp. 2016). This provision relieves tenants from the usual requirement of pleading and proving damages and of pleading costs and attorney's fees. <u>Carter v. Lachance</u>, 146 N.H. 11, 14 (2001). Neither party challenges this award.

The trial court found that the landlord had breached the warranty of habitability, damages for which are measured by the difference between the agreed-upon rent and the fair rental value of the premises as they were during the tenant's occupancy in the unsafe, unsanitary, or unfit condition. Adams v. Woodlands of Nashua, 151 N.H. 640, 642 (2005). The trial court stated that the tenants "failed to provide any evidence as to the difference in value of the apartment as rented to them and the monthly rental amount." On appeal, the tenants have not provided a transcript of trial and, thus, cannot challenge these findings. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The tenants request that we "identify a proper and fair rental amount" for the apartment. However, the party claiming damages has the burden of proof. Mahoney v. Town of Canterbury, 150 N.H. 148, 154 (2003). Accordingly, we affirm the trial court's denial of damages for breach of the warranty of habitability.

The trial court also found that the landlord had constructively evicted the tenants. This finding has not been challenged. In light of the fact that we are remanding the case to the trial court for recalculation of the damage award to the landlord, on remand we also direct the trial court to clarify whether the tenants established damages as a result of the constructive eviction, and, if so, the amount of damages.

We observe that it appears that the tenants' monthly rent was actually paid, in whole or in part, by governmental entities. It is not clear whether and how this should impact the award of damages.

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2