# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0445, <u>Li Wei Lin v. Stacey Sverker</u>, the court on May 30, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Stacey Sverker (tenant), appeals an order of the Circuit Court (<u>Kent</u>, Referee, approved by <u>Coughlin</u>, J.) dismissing her counterclaim against the plaintiff, Li Wei Lin (landlord). The tenant argues that the trial court erred because: (1) the court was required to award her statutory damages, costs, and attorney's fees pursuant to RSA 540-A:4, IX(a) (Supp. 2018) because the court found that the landlord committed an initial violation of RSA 540-A:2 (2007); and (2) the court was required to award her statutory damages, costs, and attorney's fees for each day that the landlord's RSA 540-A:2 violation continued after the court issued a temporary order. We reverse the order dismissing the counterclaim and remand.

The trial court found, or the record supports, the following facts. The tenant has been the landlord's tenant since December 2017. Since that time, one of the tenant's neighbors, who lives on the third floor of the tenant's building, has repeatedly engaged in disorderly and offensive conduct. The Manchester Police Department has often responded to the property to investigate complaints relating to this neighbor. The tenant reported her neighbor's conduct to the landlord on more than one occasion, and asked that he take some action to remedy the situation. She also repeatedly asked the landlord to repair her front door and window, neither of which could be securely locked. In response to the tenant's requests, the landlord authorized her to install a surveillance camera in the building in order to capture footage of the neighbor's conduct. The landlord claimed he would use footage gathered from the camera to evict the neighbor. He also authorized the tenant to relocate the neighbor's mailbox in an effort to eliminate contact between the two.

When these efforts undertaken by the tenant failed to remedy the situation, she once again met with the landlord to insist that he address the safety concerns presented both by the neighbor's conduct as well as the tenant's faulty window and door. This meeting occurred on May 8, 2018. When the tenant returned to her apartment later that same day, she discovered a notice of eviction posted to her door. In the notice, the landlord claimed that eviction was appropriate due to the tenant's installation of a camera in the building as well as her relocation of the neighbor's mailbox. The landlord then brought this eviction action. The tenant filed an answer, as well as a

supplemental answer and counterclaim, arguing that the claimed grounds for eviction were pretextual and that the landlord was using the eviction process in retaliation for her repeated requests. Her counterclaim alleged that the landlord violated RSA 540-A:2 by failing to address the neighbor's conduct and by bringing the retaliatory eviction proceeding, and sought damages pursuant to RSA 540-A:4, IX(a).

The court held a hearing on June 8, 2018. Subsequently, it issued an order entitled "Eviction and RSA 540-A Decision." In that order, the court denied the eviction "as retaliatory," and ruled that the landlord "willfully violated [the tenant's] and her family's right to quiet enjoyment of their tenancy" because he failed to take any action to remedy the neighbor's conduct and because he initiated the instant retaliatory eviction. The court also issued a temporary order pursuant to RSA 540-A:4 (Supp. 2018), wherein it found that the tenant was "in immediate threat of irreparable harm due to the action of the landlord," and wherein it ordered the landlord to immediately remedy "the issues of safety, the window, [and] the harassment by the 3rd floor tenant." The court scheduled a further hearing for June 29, 2018.

The trial court held a hearing on June 29, after which it sua sponte dismissed the tenant's counterclaim without awarding damages, attorney's fees, or costs. The trial court did so because it found that the landlord "made repairs and remedied problems"; however, the court did not make a finding as to the date when the landlord's willful quiet enjoyment violation ceased. Nor did it alter its earlier ruling that the landlord had willfully violated the tenant's right to quiet enjoyment.

The tenant moved for reconsideration, arguing that the court was statutorily required to award her damages, costs, and attorney's fees for the landlord's initial violation of her right to quiet enjoyment. See RSA 540-A:4, IX(a). She also argued that the court was required to award her statutory damages for each day that the landlord's violation continued, which required the court to make further factual findings as to the date when the landlord remedied the violation. The trial court denied the tenant's motion for reconsideration. It stated that "[t]he court found at the June 29th hearing that the repairs called for in the order of June 8th were completed as ordered." "Having found that the [landlord] fulfilled his duties under the temporary order," the court explained, "no damages are awarded." This appeal followed.

The tenant argues that the trial court erred because: (1) the court was required to award her statutory damages, costs, and attorney's fees pursuant to RSA 540-A:4, IX(a) because the court found that the landlord committed an initial violation of RSA 540-A:2; and (2) the court was required to award her statutory damages, costs, and attorney's fees for each day that the landlord's RSA 540-A:2 violation continued after the court issued its temporary order. These arguments require that we engage in statutory interpretation. In matters of statutory interpretation, we are the final arbiters of the legislature's intent as

2

expressed in the words of a statute considered as a whole.  Santos v. Metro. Prop. & Cas. Ins. Co., 171 N.H. 682, 689 (2019).  When construing a statute, we first examine the language found in the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used.  Id.  We do not consider words and phrases in isolation, but rather within the context of the statute as a whole.  Zorn v. Demetri, 158 N.H. 437, 438-39 (2009).  We interpret statutory provisions in the context of the overall statutory scheme.  Santos, 171 N.H. at 689.  The interpretation of a statute presents a question of law, which we review de novo.  Zorn, 158 N.H. at 438.

The tenant's arguments also require that we interpret the trial court's orders.  The interpretation of a court order presents a question of law for this court.  Appeal of Langenfeld, 160 N.H. 85, 89 (2010).  In construing a court order, we look to the plain meaning of the words used in the document.  Id.  We construe subsidiary clauses so as not to conflict with the primary purpose of the trial court's decree.  Id.  As a general matter, a court decree or judgment is to be construed with reference to the issues it was meant to decide.  Id.

RSA 540-A:2 states: "No landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy or attempt to circumvent lawful procedures for eviction pursuant to RSA 540."

RSA 540-A:4, IX(a) states:

Any landlord who violates RSA 540-A:2 . . . shall be subject to the civil remedies set forth in RSA 358-A:10 for the initial violation, including costs and reasonable attorney's fees incurred in the proceedings.  Each day that a violation continues after issuance of a temporary order shall constitute a separate violation.

Finally, RSA 358-A:10, I (2009) states:

Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages . . . .  If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater . . . .  In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court.

Taken together, these provisions establish that a landlord who willfully violates a tenant's right to quiet enjoyment is liable to the tenant for at least $1,000 in statutory damages, as well as costs and reasonable attorney's fees, for that initial violation.  See RSA 540-A:2; RSA 540-A:4, IX(a); RSA 358-A:10, I.  The district court has no discretion once it finds that a landlord has violated RSA 540-A:2: it is required to award damages, costs, and reasonable attorney's fees.  See Wass v. Fuller, 158 N.H. 280, 283 (2009); see also Carter v.

3

Lachance, 146 N.H. 11, 14 (2001).  Because "[e]ach day that a violation continues after issuance of a temporary order . . . constitute[s] a separate violation," RSA 540-A:4, IX(a), the trial court is required to award the tenant $1,000 in damages for each day that an RSA 540-A:2 violation continues after the issuance of a temporary order.  See id.; RSA 358-A:10, I; Simpson, 153 N.H. at 478; Randall v. Abounaja, 164 N.H. 506, 510 (2013).

Here, in its "Eviction and RSA 540-A Decision" issued after the June 8 hearing, the trial court expressly concluded that the landlord "willfully violated [the tenant's] and her family's right to quiet enjoyment of their tenancy by (1) failing to take any action to stop the third-floor tenant . . . then by (2) retaliating against" her by bringing the instant eviction action.  Thus, the trial court ruled that the landlord violated RSA 540-A:2.  See RSA 540-A:2 ("No landlord shall willfully violate a tenant's right to quiet enjoyment . . . .").  However, despite this ruling, the trial court failed to award the tenant any damages, costs, or attorney's fees.  Because RSA 540-A:4, IX(a) requires the trial court to award damages, costs, and attorney's fees if the court finds that the landlord violated RSA 540-A:2, the trial court erred.  See Wass, 158 N.H. at 283; Carter, 146 N.H. at 14.  Therefore, we reverse the trial court's dismissal of the tenant's counterclaim.

On remand, the court shall award the tenant the greater of: (1) her actual damages; or (2) $1,000 for the landlord's initial violation of RSA 540-A:2, plus $1,000 for each day, if any, that the landlord's violation continued after the court issued its temporary order.  See RSA 540-A:4, IX(a); RSA 358-A:10, I; Randall, 164 N.H. at 510; Wass, 158 N.H. at 282.  In order for the trial court to determine whether the tenant is entitled to statutory damages for any days that the violation continued to exist after the court issued its temporary order, the court must make findings as to (1) the date when it issued its temporary order,[1] and (2) the date when the landlord's violation of RSA 540-A:2 ceased.  In addition to damages, the court shall award the tenant her costs and reasonable attorney's fees.  See RSA 540-A:4, IX(a).

Reversed and remanded.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**

---

[1] The trial court issued a temporary order after the June 8 hearing.  In that order, the landlord was ordered to immediately remedy "the issues of safety, the window, [and] the harassment by the 3rd floor tenant."  However, the date of this order is unclear.  Although the temporary order is dated June 8, 2018, the "Eviction and RSA 540-A Decision," which appears to have accompanied the temporary order, bears two dates: June 8 and June 11.  On remand, the trial court should address this ambiguity.  See RSA 540-A:4, IX(a).