**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case Nos. 2022-0160 and 2022-0162 <u>Jacquelyn Lane v. Antonio Barletta</u>, the court on February 1, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). This appeal and cross-appeal follow our remand in <u>Lane v. Barletta</u>, 172 N.H. 674 (2019). In <u>Lane</u>, we vacated the trial court's finding that the defendant, Antonio Barletta, had violated RSA 540-A:3, I (2007), and its award of damages, and remanded for the court to determine whether the portable space heater the defendant provided to the plaintiff, Jacqueline Lane, was an adequate alternative source of heat. <u>Lane</u>, 172 N.H. at 680.

On remand, the Circuit Court (<u>Tenney</u>, J.) found that the portable space heater was not an adequate alternative source of heat. The court awarded the plaintiff $33,000 in damages for the defendant's willful interruption of her heat utility services in violation of RSA 540-A:3, I, for a period of 33 days. The defendant appeals the trial court's determination that the portable space heater was not an adequate alternative source of heat. The plaintiff cross-appeals the trial court's determination that the violation lasted for only 33 days and its failure to award her reasonable attorney's fees. We affirm in part, reverse in part, and remand.

We first address the defendant's appeal. The defendant first argues that the trial court unsustainably exercised its discretion by admitting into evidence an October 2017 letter from the health officer for the Town of Henniker. The letter stated that the health officer had received "several complaints from two tenants over the past several months regarding the lack of heat in [the defendant's] rental property." The letter further stated that the health officer had visited the property on September 2 and October 17, and that, although the portable space heater in the living room was set at 70 degrees Fahrenheit on September 2 and 75 degrees Fahrenheit on October 17, the actual temperatures in the living room were 67 degrees on September 2 and 63 degrees on October 17, the temperatures in the bedroom were 64 degrees on September 2 and 61 degrees on October 17, and the temperatures in the bathroom were 65 degrees on September 2 and 61 degrees on October 17.

Over the defendant's objection, the trial court admitted the letter into evidence pursuant to New Hampshire Rule of Evidence 803(8), which provides

that a "record or statement of a public office" is admissible under an exception to the hearsay rule

> if:
> (A) it sets out:
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

The trial court concluded that the letter constitutes a public record because it "contains the activities of the town's health office in investigating [the plaintiff's] complaint." The court found that the letter satisfies Rule 803(8)(A)(iii) because it contains the health officer's factual findings pursuant to her legal authority "to enforce New Hampshire laws and regulations regarding housing standards." The court further found "no circumstances indicating that the letter lacks trustworthiness," and, therefore, ruled that the letter was admissible.

We review a trial court's decision as to the admissibility of evidence under our unsustainable exercise of discretion standard. McLaughlin v. Fisher Eng'g, 150 N.H. 195, 197 (2003). Under that standard, "[o]ur task is not to determine whether we would have found differently," but only "to determine whether a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it." Benoit v. Cerasaro, 169 N.H. 10, 21 (2016) (quotations omitted). We will not disturb the court's ruling unless the defendant establishes that it is clearly untenable or unreasonable to the prejudice of his case. McLaughlin, 150 N.H. at 197.

The defendant has not persuaded us that the trial court unsustainably exercised its discretion by admitting the letter into evidence under Rule 803(8). The defendant's arguments that the letter is inadmissible go to its weight rather than its admissibility.

The defendant next asserts that the trial court unsustainably exercised its discretion by "giv[ing] little weight" to his evidence. However, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence. Loon Valley Homeowner's Ass'n v. Pollock, 171 N.H. 75, 78 (2018). In short, the defendant has failed to demonstrate that the trial court

erred by finding that the portable space heater was an inadequate alternative source of heat.

We next address the plaintiff's cross-appeal. The plaintiff first argues that the trial court erred by awarding her damages for only 33 days. In its original order, the trial court found that the defendant had violated RSA 540-A:3, I, for a period of 33 days, beginning when the temporary order was issued on November 3, 2017, and ending on December 6, 2017. Lane, 172 N.H. at 676. The plaintiff filed a motion to reconsider the date upon which the trial court stopped calculating damages, which the trial court denied because it was untimely. Id. In Lane, we concluded that the plaintiff's argument that the trial court erred by denying her motion to reconsider was moot because we had vacated the trial court's finding of a statutory violation and award of damages. Id. at 680. On remand, the plaintiff raised the issue again in a motion to reconsider. The trial court denied her motion, explaining that, because the plaintiff presented neither argument nor evidence at the remand hearing regarding the length of the violation, "there exists no reason to disturb the finding made in the original order as to the length of the violation." The plaintiff has failed to demonstrate that in so ruling, the trial court committed reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014).

The plaintiff next contends that the trial court erred by not awarding her reasonable attorney's fees. We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 29 (2017).

The plaintiff asserts that she is entitled to an award of reasonable attorney's fees under RSA 540-A:4, IX (2021). We agree. RSA 540-A:4, IX(a) provides, in pertinent part, that "[a]ny landlord . . . who violates . . . any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10 for the initial violation, including costs and reasonable attorney's fees incurred in the proceedings." RSA 540-A:4, IX

> unambiguously states that a landlord in violation of RSA 540–A:3, such as the defendant in this case, shall be subject to the civil remedies described in RSA 358–A:10, including costs and reasonable attorney's fees. RSA 358–A:10, in turn, states that "[i]f the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater," and the plaintiff "shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." (Emphasis added.) These provisions relieve the plaintiff from the usual requirement of pleading and proving damages and of pleading costs and attorney's fees. Instead, the statute mandates that the trial court award the prevailing plaintiff the minimum of $1,000 in damages plus costs and reasonable attorney's fees.

3

Carter v. Lachance, 146 N.H. 11, 14 (2001).

      Here, once the trial court found that the defendant had violated RSA 540-A:3, I, by willfully interrupting the plaintiff's heat utility service, it should have granted her request for attorney's fees and granted her an opportunity, as she requested on reconsideration, to submit an affidavit supporting the amount and reasonableness of the attorney's fee award she is seeking. Because the trial court did not do so, we reverse its denial of a reasonable attorney's fee award to the plaintiff and remand for further proceedings consistent with this order.

<u>Affirmed in part; reversed in part; and remanded</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**