# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0679, <u>Leo Hebert & a. v. Oliver Environmental, LLC & a.</u>, the court on July 2, 2020, issued the following order:**

Having considered the brief of the defendants, Lee Kavanaugh and Oliver Environmental, LLC, the memorandum of law of the plaintiffs, Leo Hebert and Yong Hebert, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants appeal an order of the Circuit Court (<u>Mace</u>, J.) denying their motion to reconsider in which they sought to strike a default judgment entered by the circuit court based upon their failure to attend a pretrial hearing on a small claim. <u>See</u> <u>Dist. Div. R.</u> 4.4. They argue that they were deprived of procedural due process by application of the electronic filing rules because defendant Kavanaugh is older and allegedly did not understand that he would receive notice by e-mail, because he allegedly did not have access to his e-mail at the time that he received notice of the pretrial hearing, and because he allegedly had surgery the day before the hearing. They further argue that, under the facts of the case, the trial court either was compelled to strike the default judgment on the basis of accident, mistake, or misfortune, or should have held an evidentiary hearing to determine when they received notice of the default judgment and understood the electronic filing system.

The plaintiffs filed their small claim complaint on April 5, 2019, with a return date of May 13, 2019. With the complaint, the defendants were served with a notice from the circuit court stating that they were required to file a response electronically by the return date, and explaining how to file the response electronically. The notice then stated: "**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically <u>to the email address you provide</u>."

On May 10, 2019, defendant Kavanaugh electronically filed a response to the complaint requesting a hearing, <u>see</u> <u>Dist. Div. R.</u> 4.3(a)(2), and received an acknowledgment of the filing by e-mail. The e-mail stated:

> IMPORTANT: For the rest of your case, you will receive important case related emails from either <u>NHCourtsNo-Reply@turbocourt.com</u> or <u>NHCourtsNo-Reply@tylerhost.net</u> so be sure to add BOTH to your address book and to your approved

email list. Failure to do so may result in you missing court orders and important information about your case.

On May 16, 2019, a notice of pretrial conference, see Dist. Div. R. 4.4, was electronically served upon the parties, including defendant Kavanaugh at the e-mail address he had provided. The notice scheduled the pretrial conference for June 18, 2019, and advised that the parties were required to attend mediation at the pretrial conference, and that failure to attend may result in a default judgment, see Dist. Div. R. 4.4(b) & (c). The defendants failed to appear at the pretrial hearing, and the trial court issued a notice of default judgment in the amount of $10,000 plus interest and costs.

On June 19, 2019, the plaintiffs moved to amend the default judgment amount.[1] In the motion, they asserted that the defendants had "failed to appear at the mediation conference scheduled for June 18, 2019," that "[o]n June 18, 2019 [a] default judgment was delivered through the Court's e[-]file system," and that "[t]he amount awarded was the amount initially plead[ed]." The record establishes that defendant Kavanaugh was served with the motion electronically, and suggests that he opened it on June 19, 2019.

On October 4, 2019, shortly after the plaintiffs had commenced collection efforts, defendant Kavanaugh, while self-represented, filed a motion to reconsider, asserting that he had "[m]issed e-mail about court date," that "we just found out" about the judgment, and that "[w]e would like the court to vacate the finding so that we would have a chance to have our side heard." Through counsel, the defendants subsequently filed a response to the plaintiffs' objection, alleging that: (1) they were not aware that hearing notices would be delivered by e-mail; (2) they lack computer knowledge; (3) the May 16, 2019 e-mail notifying them of the pretrial conference "arrived in [their] inbox as they were leaving for an extended trip to New Mexico on or about June 4, 2019"; (4) they never saw the notice of the pretrial conference prior to the default; (5) they "were not specifically looking for email notices from the Court as they did not understand that method of delivery would be used"; and (6) defendant Kavanaugh had surgery on June 17, 2019, and "no emails from the Court had

---

[1] The trial court ultimately granted this motion "without objection," and thereby added attorney's fees of $3,245.08 to the original $10,000 judgment amount pursuant to the New Hampshire Consumer Protection Act. See RSA 358-A:10 (2009). Because the judgment itself is not before us – only the denial of the motion to vacate the judgment is before us – we express no opinion as to whether adding the attorney's fees to the $10,000 judgment exceeded the circuit court's small claim jurisdiction, or whether the attorney's fee award amounted to "costs" within the meaning of the small claim statute. See RSA 503:1, I (Supp. 2019) (defining a small claim as "any right of action not involving the title to real estate in which the debt or damages, exclusive of interest and costs, does not exceed $10,000" (Emphasis added.)); Thomas v. Crete, 141 N.H. 708, 710 (1997) (holding that district court lacked authority to award damages on a small claim exceeding the small claim amount limitation of RSA 503:1, I).

been noticed or read by the Defendants." The trial court denied the motion to reconsider, and this appeal followed.

The defendants first argue that application of the electronic filing rules deprived them of procedural due process. It is a longstanding rule that parties may not have appellate review of issues that they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the defendants' burden, as the appealing parties, to demonstrate that they raised their arguments in the trial court, and to cite with specificity where in the record they raised the arguments. Id.; Sup. Ct. R. 16(3)(b). Nowhere in the defendants' motion for reconsideration or their response to the plaintiffs' objection to the motion – the pleadings cited by the defendants to demonstrate that their due process argument is preserved – did they raise any due process claim. Nor does the record on appeal contain any other pleading establishing that the defendants raised a due process argument in the trial court. Accordingly, the argument is not preserved, and we decline to address it.

The defendants next argue that the trial court erred by not striking the default judgment on the basis of accident, mistake, or misfortune. Under District Division Rule 4.4(b), a party's failure to attend a pretrial hearing in a small claim case "shall result in a judgment in favor of the other party," and any default judgment entered as a result "shall not be stricken except upon a finding of good cause by the court." Dist. Div. R. 4.4(b). We will not disturb the trial court's ruling on a motion seeking to strike the default judgment unless the trial court erred as a matter of law or unsustainably exercised its discretion. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 55 (2006). Because the defendants rely upon the "accident, mistake, or misfortune" standard, we will apply that standard in our review of the trial court's denial of the motion for reconsideration. See id. at 56 (applying "accident, mistake, or misfortune" standard because appealing party's motion to strike default "essentially sought a new hearing on the merits" for purposes of RSA 526:1 (1997)). "Accident, mistake, or misfortune" means "something outside of [the defendants'] control, or something which a reasonably prudent person would not be expected to guard against or provide for." Id. (quotation omitted). "Whether accident, mistake, or misfortune occurred is determined by the trier of fact, and its finding will be conclusive unless it is unsupported by the evidence." Id.

In this case, the court notice that the defendants received with the small claim complaint unequivocally notified them that, after they electronically filed their response to the complaint, all future court notices and orders would be sent electronically to the e-mail address they provided. Moreover, the record indicates that on June 19, 2019, the defendants received, and opened, the e-mail serving them with the motion to amend the default judgment amount, which in turn asserted that the trial court entered default judgment against the defendants on June 18, 2019. Nevertheless, the defendants waited three-and-

3

a-half additional months, well beyond the deadline for seeking post-judgment relief, see Dist. Div. R. 4.8(a), to file their motion for reconsideration.

On this record, the trial court reasonably could have determined that the defendants' failure to check the e-mail account that they provided to the court was neither something that was outside of their control, nor something that a reasonably prudent person would not have been expected to guard against.[2] Birmingham, 154 N.H. at 56. Accordingly, we conclude that the trial court neither unsustainably exercised its discretion nor erred as a matter of law in denying the motion to reconsider. Id. at 55.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[2] To the extent that the "good cause" language of District Division Rule 4.4(b) imposes a more lenient standard of proof than the accident, mistake, or misfortune standard of RSA 526:1, see In re D.O., 173 N.H. ___, ___ (decided February 13, 2020) (slip op. at 10-11) (distinguishing between "good cause" and "accident, mistake, or misfortune"), we note that on this record, we would conclude that the trial court reasonably could have determined that there was no good cause to strike the default.